KAMLESH CHAUHAN
REGISTER NO.
L.S.C.I. ALLENWOOD
P.O. BOX 1000
WHITE DEER, PENNSYLVANIA 17887

NOVEMBER 25, 2019

THE HONORABLE PAUL W. GRIMM
UNITED STATES DISTRICT JUDGE
UNITED STATES DISTRICT COURT
DISTRICT OF MARYLAND
GREENBELT DIVISION
6500 CHERRYWOOD LANE, SUITE 465A
GREENBELT, MARYLAND 20770

DEC 0 2 2019
CLERK U.S. DISTRICT COURT
DISTRICT OF MARYLAND
DEPUTY

Re: United States v. Kamlesh Chauhan, Docket No. 8:18-CR-214 (PWG)

Dear Judge Grimm:

Defendant, appearing pro se, respectfully submits this letter-motion in lieu of a more formal motion for an order vacating his sentence, pursuant to 28 U.S.C. 2255, for appointment of counsel, pursuant to 18 U.S.C. 3006A(a)(2)(B), and for an order releasing him on bond pending the final disposition of this motion, pursuant to the Court's inherent authority. For the reasons that follow, the Court should grant this motion in its entirety.

I.   BACKGROUND.

On April 17, 2018, a grand jury in the District of Maryland returned a three-count indictment charging Defendant with engaging in sexual contact with "Victim A" without the permission of "Victim A," in violation of 18 U.S.C. 2244(b). The alleged offenses occurred on October 6 & 12, 2016, and March 30, 2018 (Counts One, Two and Three, respectively). Pursuant to a written plea agreement, and on the advice/direction of counsel (Larry Allen Nathans, Esq.), this Defendant entered a plea of guilty to Count Three. On March 12, 2019, the Court sentenced Defendant to a prison term of 10 months in accordance with the binding plea agreement. No appeal was taken inasmuch as Defendant was advised by counsel that no appeal could be taken. Defendant is serving his sentence at the Low Security Correctional Institution in Allenwood, PA.

II.   STATEMENT OF RELEVANT FACTS.

In the interest of brevity and judicial economy, only the facts relevant to this proceeding are set forth hereinafter. Defendant does hereby affirm, declare and state, under penalty of perjury, and pursuant to 28 U.S.C. 1746, that the facts set forth herein are true and correct to the best of his knowledge, belief and recollection.

Defendant and the alleged victim enjoyed a long term consensual/romantic relationship prior to the indictment in this case. That relationship included consensual sexual encounters (including intercourse), some of which occurred in the workplace. On several occasions Defendant and the alleged victim enjoyed leisure activities outside of the workplace, to include Defendant's residence. One of the encounters occurred in the spring of 2013 in Azalea Park, where the "victim" posed for photos taken by Defendant. On another occasion, during the summer of 2013, at the Patuxent Ridge Wildlife Center, the alleged victim posed for approximately 50 photos, taken by the Defendant. During that encounter, the "victim" disrobed inside of a car (at least four times) in the presence of Defendant, and for his pleasure and exclusive viewing, to change outfits in which to be photographed by Defendant. Each act of disrobing in the presence of Defendant was designed by the alleged victim to arouse this Defendant. This rendezvous was proposed and orchestrated by the alleged victim.

On other occasions, the alleged victim and the Defendant enjoyed outings that included the children of both the alleged victim and Defendant. As with many of their escapades, these were also photographed.

The romantic and completely consensual/mutual relationship was initiated by the alleged victim, and pursued by the alleged victim. At no time did Defendant seek out the alleged victim for their leisure or sexual encounters. Each instance was at the urging -- and often insistence of the alleged victim. More importantly, at no time, including on March 30, 2018, was Defendant of the belief or under the impression that his sexual contact with the alleged victim was without at least the implied permission of the alleged victim.