**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND**

| | |
|---|---|
| **UNITED STATES OF AMERICA,** | * |
| v. | *   Crim. No. PWG-18-0214 |
| **KAMLESH CHAUHAN** | * |

…oooOooo…

**GOVERNMENT'S OPPOSITION TO DEFENDANT'S MOTION
PURSUANT TO 28 U.S.C. § 2255**

The United States of America, by and through its undersigned attorneys, respectfully submits the following opposition to the letter motion filed by the defendant dated November 25, 2019. The government will construe the letter as a Motion to Vacate, Set Aside, or Correct Sentence pursuant to 28 U.S.C. § 2255. In defendant's Motion to Vacate, the government gleans that the defendant asserts two claims of ineffective assistance of counsel. The first relates to counsel's advice that the defendant plead guilty when he was actually innocent, and the second relates to the absence of a challenge to the Sentencing Guidelines calculation. He is basically seeking to withdraw his guilty and proceed *ab initio* with court-appointed counsel.

For the reasons described below, his claims lack merit and the petition should be denied.

*FACTUAL BACKGROUND*

The grand jury indicted the defendant on April 18, 2018 on three counts of abusive sexual contact, in violation of 18 U.S.C. § 2244(b). ECF 1. On April 19, 2018, the defendant had an initial appearance, and the public defender's office was appointed to represent him. ECF 6. The magistrate judge also signed a contribution order. ECF 9.

On May 3, 2018, private counsel entered his appearance, and arraignment occurred on May 14, 2018.  ECF 14, 15.

The parties engaged in plea negotiations, and came to an agreement for a guilty plea to count three of the Indictment under Fed. Rule Crim. P. 11(c)(1)(C).  ECF 23.  In the signed plea agreement, the parties agreed to jointly recommend a sentence of 10 months imprisonment.  ECF 23 at 5 (¶ 9).  The parties agreed to a Sentencing Guidelines calculation with a final offense level of 12.  ECF 23 at 4 (¶ 6).  The calculation included a two-level increase because the victim was in "supervisory control by the defendant."  *Id.*  The government further agreed to dismiss the remaining counts of the Indictment and to forbear from bringing any additional charges arising out of the incident.  *Id.* The government further agreed that it was not seeking restitution.  *Id.* (¶ 10).

Paragraph two of the plea agreement letter read:

The elements of the offense to which the Defendant has agreed to plead guilty, and which this Office would prove if the case went to trial, are as follows:  That on or about the time alleged in the Indictment, in the District of Maryland, the Defendant (1) engaged in sexual contact; (2) acted knowingly when he engaged in that sexual contact; (3) did so with the intent to abuse, humiliate, harass, degrade, or arouse or gratify the sexual desire of any person; and (4) did so on lands within the special maritime and territorial jurisdiction of the United States.

ECF 23 at 1.

The defendant, represented by his attorney, entered the guilty plea under oath on November 26, 2018.  Tr. 1 at 2.[1]   During the plea colloquy, the Court asked the defendant numerous standard questions about his understanding of the offense and the plea agreement.

---

[1] The government has filed the transcript of the Rule 11 guilty plea proceeding as an attachment to this Memorandum, and will refer to it as "Tr. 1 at __."  The transcript of the sentencing hearing will be referred to as "Tr. 2."

2

Each time, the defendant acknowledged that he understood and was entering the guilty plea of his own free will, having discussed it with counsel, with whom he was satisfied.

At the beginning of the Rule 11 hearing, the defendant told the Court that he had a PhD in chemistry and that he had discussed the plea agreement with his attorney before signing it. Tr. 1 at 3. When the Court asked the defendant whether he was satisfied with the legal assistance provided by counsel, the defendant responded, "Yes, sir." Tr. 1 at 3-4. Defense counsel agreed that the defendant understood what he was doing. Tr. 1 at 4.

The Court went into detail about the characteristics of a Rule 11(c)(1)(C) plea: that if the Court decided the agreed-upon sentence was inappropriate, the defendant would have the right to withdraw his guilty plea. Tr. 1 at 5-6. The Court then recited the elements of the offense from the plea agreement. Tr. 1 at 7.

The Court also explained to the defendant the rights that he was waiving by entering the guilty plea. When asked if he understood, the defendant again replied, "Yes, sir." Tr. 1 at 16.

The Court asked the government to read the statement of facts, which was part of the written plea agreement, into the record.

> At all relevant times, the victim was a research entomologist for the Department of Agriculture, assigned to the Beltsville Agricultural Research Center, known as BARC[2] located in Beltsville, Maryland. The defendant, Kamlesh Chauhan, was also a research entomologist at the same facility.
>
> Some time after they both started working at BARC in 2001, the victim and the defendant began working together, and the defendant became the victim's supervisor. On multiple occasions, the defendant kissed the victim without the victim's consent, sometimes asking the victim to come into his office and sometimes committing the actions in a laboratory.

---

2 The transcript misidentified the facility at "BARK."

3

>At other times, the defendant kissed the victim's breast, placed his hand beneath the victim's clothing, and pushed the victim against a wall where he kissed the victim on the face, all without the victim's consent. The victim repeatedly told the defendant that she did not want to have any such contact with him.
>
>On March 30, . . . 2018, the victim was in the defendant's office. The defendant told the victim to stand up for a hug and tried to kiss the victim. The defendant touched the victim's right breast and tried to remove the victim's shirt. The victim pulled the shirt back down and left.
>
>BARC is located on lands within the special maritime and territorial jurisdiction of the United States.

Tr. at 26-27; ECF 23.

At the conclusion of the statement of facts, the Court asked the defendant, "Having heard those facts read into the record here today, do you agree that those facts are true?" The defendant replied, "Yes, sir." Tr. 1 at 27. The defendant further told the Court he agreed that if the case went to trial, those facts would be proven beyond a reasonable doubt. Tr. 1 at 27.

The defendant agreed that he was pleading guilty of his own free will. Tr. 1 at 29.

The defendant came before the Court for sentencing on March 12, 2019, after a pre-sentence report had been prepared. At the beginning of the hearing, the defendant agreed that he had read the PSR and reviewed it with his attorney. Tr. 2 at 3.

The Court then discussed the Sentencing Guidelines calculation. The probation officer who authored the report had not added two levels for the fact that the victim was in the custody, care or supervisory control of the defendant. Tr. 2 at 5. The plea agreement, on the other hand, stipulated that both the government and defense agreed that the two-level enhancement was appropriate. ECF 23 at 4 (¶ 6.c). The Court held that the two-level enhancement was proper, given that "the fact that one person is subordinate to another allows there to be a power imbalance such that the dynamic is that the more powerful person, if they are in the position

4

when they initiate unwanted abusive sexual contact, then it is an aggravating factor, in my mind." Tr. 2 at 6-7.

The Court then gave the defense an opportunity to be heard on that calculation. In accordance with the plea agreement, the defense declined. Tr. 2 at 7. The defense did, however, allocute on the defendant's behalf, pointing out the defendant's stable marriage, the success of his children, the fact that he was an immigrant who educated himself, and his professional success. Tr. 2 at 8-9. The defendant also submitted character letters to the Court. Tr. 2 at 9.

The defendant was given an opportunity to allocute concerning his sentence. He explained that he understood, but declined to speak further. Tr. 2 at 10.

The Court then imposed the agreed-upon sentence of 10 months imprisonment, followed by one year supervised release, and a special assessment that totaled $5,100. Tr. 2 at 15-16. At the request of the defense, the defendant was given 60 days to self-surrender. Tr. 2 at 16.

## ARGUMENT

### I.   *The defendant bears the burden of proof by a preponderance of the evidence.*

Under 28 U.S.C. § 2255(a), a defendant may file a motion to vacate, set aside, or correct a sentence on the ground that it violates the Constitution or laws of the United States. Because the proceeding under 28 U.S.C.§ 2255 is a civil collateral attack upon the judgment of conviction, the burden of proof is upon the defendant to show his rights were violated. *Miller v. United States*, 261 F.2d 546, 547 (4th Cir. 1958). If the court finds for the defendant, it may set aside the judgment of conviction, resentence the defendant, grant a new trial or correct the sentence "as may appear appropriate." 28 U.S.C. § 2255(b). Although the Court must review the defendant's argument with appropriate deference, the Court may also summarily deny the

5

motion without a hearing if the record conclusively shows no relief is warranted. *Gordon v. Leeke*, 574 F.2d 1147, 1151-53 (4th Cir. 1978). This is in keeping with the fundamental principle that "a final judgment commands respect." *United States v. Frady*, 456 U.S. 152, 165 (1982).

The Fourth Circuit has made clear that "[A] defendant's solemn declarations in open court affirming [a plea] agreement . . . carry a strong presumption of verity, because courts must be able to rely on the defendant's statements made under oath during a properly conducted Rule 11 plea colloquy. Indeed, because they do carry such a presumption, they present 'a formidable barrier in any subsequent collateral proceedings." *United States v. Lemaster*, 403 F.3d 216, 221 (4th Cir. 2005) (Internal quotation marks and citations omitted.)

Although *Lemaster* went on to say that "extraordinary circumstances" could overcome such a presumption, and incompetence of counsel could be such an extraordinary circumstance, *id.,* nothing in the record of this case suggests counsel was incompetent.

> [W]hen a defendant says he lied at the Rule 11 colloquy, he bears a heavy burden in seeking to nullify the process. . . . Thus, in the absence of extraordinary circumstances, the truth of sworn statements made during a Rule 11 colloquy is conclusively established, and a district court should, without holding an evidentiary hearing, dismiss any § 2255 motion that necessarily relies on allegations that contradict the sworn statements. Otherwise, a primary virtue of Rule 11 colloquies would be eliminated – permit[ting] quick disposition of baseless collateral attacks,

*United States v. Lemaster*, 403 F.3d at 221–22.

Relief under § 2255 is designed to remedy fundamental constitutional, jurisdictional, or other errors, and is therefore reserved for situations in which failure to grant relief would otherwise "inherently result[] in a complete miscarriage of justice." *United States v. Addonizio,* 442 U.S. 178, 185 (1979) (quoting *Hill v. United States*, 386 U.S. 424, 428 (1962)). The

defendant here is collaterally attacking his conviction based on alleged ineffective assistance of counsel.

## II.     *Counsel's performance was not ineffective.*

### A.     *A two-part test governs review for ineffectiveness of counsel.*

The familiar two-part test from *Strickland v. Washington,* 466 U.S. 668 (1984), governs ineffective assistance of counsel claims.  *Hill v. Lockhhardt*, 474 U.S. 52, 57, 70 (1985).  To succeed on an ineffective assistance of counsel claim, a defendant must first show that his counsel's performance fell below an objective standard of reasonableness.  *Strickland v. Washington,* 474 U.S. at 669.  The defendant must meet "a most substantial burden," *Premo v. Moore,* 562 U.S. 115, 132 (2011), and the defendant must show that "counsel made errors so fundamental that counsel was not functioning as the counsel guaranteed by the Sixth Amendment."  *Harrington v. Richter*, 562 U.S. 86, 88 (2011) (quoting *Strickland*, 466 U.S. at 694).  The core question under *Strickland* is whether "an attorney's representation amounted to incompetence under 'prevailing professional norms,' not whether it deviated from best practices or most common custom."  *Id.* at 88.  A reviewing court applies a "'strong presumption' that counsel's representation was within the 'wide range' of reasonable professional assistance."  *Id.* at 88 (citing *Strickland,* 466 U.S. at 689).

Second, a defendant must also demonstrate prejudice by showing "a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different.  A reasonable probability is a probability sufficient to undermine confidence in the outcome."  *Strickland*, 466 U.S. at 669.  In analyzing ineffective assistance of counsel claims,

it is not necessary to determine whether counsel performed deficiently if the claim is readily dismissed for lack of prejudice.  *Id.* at 697.

### B. The defendant has no colorable claim of actual innocence.

Defense counsel's acknowledgement that the defendant was pleading guilty was both reasonable and wise, based on all the evidence.  The defendant's new claim that he had a "long-standing romantic relationship" with the victim (ECF 47 at 4) is ludicrous in light of the frequency of the unwanted sexual contact in inappropriate places during the work day.  Furthermore, this is a new allegation:  the defendant repeatedly agreed that the sexual acts were non-consensual, both in his written plea agreement, at the Rule 11 hearing, and during his PSR interview.  ECF 37 at 4 (¶ 13) (Filed under seal).  It would have been absurd and impossible for defense counsel to stand up and tell the Court that the defendant really had not committed the charged crimes when the defendant was admitting that he had.  The Statement of Facts, furthermore, made clear that the government's evidence was strong.

A claim of actual innocence might stand if the defendant could establish that the proceedings resulted in conviction of an innocent person.  *Bousley v. United States*, 523 U.S. 614, 623 (1998).  "To establish actual innocence, [the defendant would have to] demonstrate that, in light of all the evidence, it is more likely than not that no reasonable juror would have convicted him." *Id.*  (Internal quotation marks and citations omitted.)

In this case, however, there is no possibility that the defendant was wrongly convicted.  "Guilty pleas are protected by a strong presumption, one "deeply rooted in our jurisprudence"— the presumption of regularity.'" *United States v. Locke*, 932 F.3d 196, 199 (4th Cir. 2019), citing *Parke v. Raley*, 506 U.S. 20, 29, (1992).  "In evaluating the constitutional validity of a guilty

plea, courts look to the totality of the circumstances surrounding [it], granting the defendant's solemn declaration of guilt a presumption of truthfulness." *United States v. Harper*, 627 F. App'x 262 (4th Cir. 2016) (Citation omitted.)

### C. *The missing element in the plea agreement not fatal to the plea, because it was covered by the Indictment and the acknowledgement of the facts of the case.*

The government acknowledges that it erred when paragraph 2 of the plea agreement did not include as an element of the offense the fact that the sexual contact was "without the other person's permission." That omission was not fatal to the guilty plea, however, for several reasons. First, the Indictment appropriately alleged that the sexual contact occurred "without the permission" of the victim. Thus, from the date of the defendant's arraignment on May 14, 2018, the defendant was advised of the charges and the elements of the charges, including lack of consent. ECF 15.

Second, the plea agreement itself set out the facts of the charges and included the element of non-consent. In the Stipulation of Facts, which the defendant agreed to in writing and orally on the record under oath, the defendant admitted that he committed the sexual acts "all without [the victim's] consent. [The victim] repeatedly told Chauhan that she did not want to have any such contact with him." ECF 23, Tr. 1 at 27. The defendant not only signed the written Stipulation of Facts, but acknowledged at the rearraignment that the facts set forth by the government were true.

Furthermore, the PSR also set forth the statement of facts, which repeated the fact that the defendant engaged in the sexual acts without the consent of the victim. ECF 37 at 3-4 (¶ 8). At the sentencing hearing, the defendant acknowledged that he reviewed the PSR. Tr. 2 at 3. When given the chance to make a statement, the defendant chose not to do so. Tr. 2 at 10.

9

The Stipulation of Facts made clear that this Court had sufficient evidence to be "subjectively satisfied that there [was] a sufficient factual basis for a conclusion that the defendant committed all of the elements of the offense." *United States v. Mitchell,* 104 F.649, 652 (4th Cir. 1997). "It is also settled that the judge may establish the factual basis for a guilty plea through questioning in open court, documents, or other evidence in the record." *United States v. Carr,* 271 F.3d 172, 179 (4th Cir. 2001) (Citation omitted.) "[S]tipulated factual basis signed by [a defendant], which established the elements of the offense of conviction ... was sufficient, in itself, to establish a factual basis for his plea." *United States v. McCoy*, 895 F.3d 358, 364 (4th Cir.), *cert. denied,* 139 S.Ct. 494 (2018).

When one looks at the entire record, the omission of the element of consent only in the part of the Rule 11 colloquy dealing with the elements constituted a "minor omission," that did not affect the defendant's substantial rights. *See United States v. Thompson,* 794 Fed. Appx. 244, at *2 (4 Cir. 2019) (Holding harmless that the trial judge neglected to inform defendant during the Rule 11 colloquy that he had a right to compel witnesses at trial). "Solemn declarations in open court carry a strong presumption of verity," *Blackledge v. Allison,* 431 U.S. 63, 74 (1977), and the defendant's repeated agreement concerning the facts of the case met the requirement of solemnity.

The defendant is an extremely well-educated, articulate man, well able to tell the court whether he committed the charged crimes or not. He said he did. That is the version of events this Court should credit.

### D. *Defense counsel did not err when he stipulated that the offense level was enhanced by two levels because the defendant was the victim's boss.*

The Court explicitly found that the enhancement under Sentencing Guideline 2A3.4(b)(3) applied, because the victim was in the "supervisory control" of the defendant. The Court noted, "A subordinate has less range or latitude or ability to push back and resist and deter unwanted, improper abusive sexual contact." Tr. 2 at 6. There is a "power imbalance" that constitutes an aggravating factor. Tr. 2 at 6-7.

The fact that defense counsel agreed to the two-level enhancement, therefore, is within the objective standard of reasonableness required for effective counsel.

Moreover, the defendant cannot show prejudice because of the enhancement. The Court concluded that the offense level was 12, with a range of 10 to 16 months' imprisonment. Even if the Court had found the offense level was 10, the range would have been eight to 12 months' imprisonment. Either way, the ten-month agreed-upon sentence pursuant to Rule 11(c)(1)(C) fell within the jointly recommended range.

### *Defendant is Not Entitled to an Evidentiary Hearing*

This Court may deny a § 2255 motion without a hearing if the case file conclusively show that the defendant is entitled to no relief. That is the case here. 28 U.S.C. § 2255(b).

*CONCLUSION*

Accordingly, the government respectfully requests that this Court deny defendant's claim for relief pursuant to 28 U.S.C. § 2255 without a hearing.

                                  Respectfully submitted,

                                  Robert K. Hur
                                  Acting United States Attorney

                                  /s/
                                  _____

                                  Hollis Raphael Weisman
                                  Assistant United States Attorney
                                  Bar No. 11465
                                  6500 Cherrywood Lane, Suite 200
                                  Greenbelt, Maryland  20770
                                  301-344-4029; FAX 301-344-4516
                                  Hollis.weisman@usdoj.gov