```
 1                    UNITED STATES DISTRICT COURT
                    FOR THE DISTRICT OF MARYLAND
 2                         SOUTHERN DIVISION

 3

 4   UNITED STATES OF AMERICA  :  Criminal Action No.

 5        v.                   :  PWG 18-214

 6   KAMLESH CHAUHAN,          :  Greenbelt, Maryland

 7             Defendant.      :  November 26, 2018

 8   _____/  2:40 P.M.

 9

10             TRANSCRIPT OF GUILTY PLEA PROCEEDINGS
               BEFORE THE HONORABLE PAUL W. GRIMM
11                  UNITED STATES DISTRICT JUDGE

12   APPEARANCES:

13   FOR THE GOVERNMENT:       HOLLIS RAPHAEL WEISMAN, Esquire
                               Office of the United States Attorney
14                             6500 Cherrywood Lane, Suite 200
                               Greenbelt, Maryland  20770
15                             301-344-4029

16

17   FOR THE DEFENDANT:        LARRY ALLEN NATHANS, Esquire
                               Nathans and Biddle, LLP
18                             120 E. Baltimore Street, Suite 1800
                               Baltimore, Maryland  21202
19                             410-783-0272

20

21

22

23   OFFICIAL COURT REPORTER:  LINDA C. MARSHALL,(301) 344-3229

24        COMPUTER-AIDED TRANSCRIPTION OF STENOTYPE NOTES

25
```

Transcript 1

1               P-R-O-C-E-E-D-I-N-G-S

2          MS. WEISMAN:  Good afternoon, Your Honor.  This is the

3     case of United States versus Kamlesh Chauhan, Criminal Number

4     PWG 18-0214.

5          Hollis Weisman representing the government.  I'm here

6     with Special Agent India Norman of the Agriculture OIG.

7          THE COURT:  Mr. Nathans, you're here on behalf of the

8     defendant, sir?

9          MR. NATHANS:  I am, Your Honor.  Thank you.  Good

10    afternoon.

11         THE COURT:  All right.  Everyone can have a seat.

12         All right.  Mr. Chauhan, I've been advised that you're

13    here today to enter a plea of guilty in accordance with a Plea

14    Agreement that was authored on September 11th of this year and

15    sent by the Assistant United States Attorney to Mr. Nathans,

16    your attorney.  And before I can accept the plea, I need to ask

17    you quite a few questions and have your answers provided under

18    oath.  And so, the first thing I need for you to do is sit down.

19    You can remain seated throughout these proceedings, but raise

20    your right hand so that my -- the courtroom deputy of our

21    courtroom can administer the oath and we'll start right after

22    that's done.

23              KAMLESH CHAUHAN, DEFENDANT, SWORN

24         THE COURT:  All right.  Would you tell me please your

25    full name?

1          THE DEFENDANT:  Kamlesh Chauhan.

2          THE COURT:  And would you spell your name for the

3     record?

4          THE DEFENDANT:  K-A-M-L-E-S-H C-H-A-U-H-A-N.

5          THE COURT:  All right.  Mr. Chauhan, the plea offer

6     that was sent from the Assistant United States Attorney to your

7     attorney was written in English and appears to have been signed

8     by you and Mr. Nathans on the, September the 17th of this year

9     as well as the Statement of Facts that supports the guilty plea.

10          Do you have any difficulty reading and understanding a

11     document such as the one that you signed that was written in

12     English?

13          THE DEFENDANT:  No.

14          THE COURT:  Can you tell me how far you have gone in

15     school, sir?

16          THE DEFENDANT:  I'm Ph.D in chemistry.

17          THE COURT:  All right.  And so, I gather that you were

18     able to understand the letter and the Statement of Facts before

19     you signed it.  Is that right, sir?

20          THE DEFENDANT:  Yes.

21          THE COURT:  Did you have sufficient time to discuss

22     the Plea Agreement with Mr. Nathans before you signed it?

23          THE DEFENDANT:  Yes, Your Honor.

24          THE COURT:  Are you satisfied with the legal

25     assistance he's provided you in this case?

```
1                    THE DEFENDANT:  Yes, sir.

2                    THE COURT:  All right.  Are you pleading guilty

3    voluntarily, sir?

4                    THE DEFENDANT:  Yes.

5                    THE COURT:  Has someone tried to force you against

6    your will to plead guilty?

7                    THE DEFENDANT:  No, Your Honor.

8                    THE COURT:  All right.  And have you had enough time

9    to carefully consider whether this is the proper thing for you

10   to do today?

11                   THE DEFENDANT:  Yes, Your Honor.

12                   THE COURT:  All right.  Tell me please whether you

13   have any physical or mental situation or condition or diagnosis

14   that would in any way prevent you from making an important

15   decision today.

16                   THE DEFENDANT:  No, I don't have any.

17                   THE COURT:  And do you take any medication or have you

18   consumed any substance of any kind whatsoever that would

19   interfere with your ability to make an important decision today?

20                   THE DEFENDANT:  No, sir.

21                   THE COURT:  Okay.  Mr. Nathans, I take it that you do

22   not have any reason to question the capacity of your client to

23   exercise his rights here today, sir.  Is that right?

24                   MR. NATHANS:  I do not, Your Honor.

25                   THE COURT:  All right.  Thank you.
```

Transcript 1

1          I think, sir, that the easiest way for us to deal with

2    this is to start with the plea letter that you have told me

3    you've reviewed and signed, and just go through it.

4          Do you have a copy of it before you?

5          THE DEFENDANT:  Yes, Your Honor.

6          THE COURT:  All right, very good.

7          The first thing is that this on page one says, it's a

8    plea agreement that has been entered into in accordance with

9    Federal Rule of Criminal Procedure 11(c)1(C).  That's a

10   important rule, because what that means is that this is a plea

11   agreement where you through your attorney and the United States

12   Attorneys' office are asking that I impose a very specific

13   sentence.  In this instance, ten months and I'll talk about that

14   in just a moment, ten months incarceration.

15         The way in which a plea agreement under Rule 11(c)1(C)

16   operates is that at the guilty plea, the judge listens to the

17   information in the guilty plea and before it's over advises

18   whether he will agree to be bound by that specific recommended

19   plea.  Recommended by the government and recommended by your

20   attorney.

21         Now, this agreement by the judge is provisional.  And

22   what that means is, is that since all the information that the

23   judge needs to have in order to decide the specific sentence in

24   a case is not contained in the plea agreement, but will be

25   significantly augmented by other information that will be

1    brought to the attention of the judge before the sentencing, to

2    include a Presentence Report prepared by the probation officer.

3    And in an offense like this and many others may also include a

4    statement by the victim.

5            So that what would happen is, is that at the time of

6    the actual sentencing that will be scheduled today, if I accept

7    the plea, I will have to at that time announce whether I agree

8    unconditionally to be bound by the specific sentence recommended

9    in the Plea Agreement.

10           If I say that I will be unconditionally bound, then I

11   will impose that specific sentence in accordance with the

12   agreement reached with the prosecutor's office.  If I say that I

13   will not be bound by that, then you have the right to withdraw

14   your guilty plea and to proceed to trial.  And the United States

15   also would have the right to withdraw the guilty plea.

16           That is what is meant in that first paragraph when the

17   agreement says that this is a guilty plea that is provided to

18   the Court, that would be me, under Federal Rule of Criminal

19   Procedure 11(c)1(C).

20           Do you understand what that provision means, sir?

21           THE DEFENDANT:  Yes.

22           THE COURT:  All right.  And I will advise before I

23   accept the plea whether I will provisionally be bound by that.

24           The charge that you're pleading guilty to, sir, is in

25   an Indictment.  And it's specifically Count Three of the

1  Indictment.  It charges you with abusive sexual contact in

2  violation of 18 United States Code Section 2244(b).  If this

3  case were to go to trial, the government would have to prove the

4  following elements of proof beyond a reasonable doubt to the

5  jury and they would have to prove the following:

6         Number one, that you engaged in sexual contact.

7         Secondly, that you acted knowingly when you engaged in

8  that sexual contact.

9         Three, that you did so with the intent to abuse,

10 humiliate, harass, degrade or arouse or gratify the sexual

11 desire of any person.

12        And, four, that this was done on lands within the

13 special maritime and territorial jurisdiction of the

14 United States.

15        Sir, a person found guilty of this statutory offense

16 faces the following potential statutory maximum punishment.

17 There is no mandatory minimum period of imprisonment.  The

18 maximum period of imprisonment is two years followed by a

19 maximum period of supervised release of one year, a fine that

20 may not exceed $250,000, and a special assessment that has two

21 components.  A mandatory $100 special assessment, plus a

22 mandatory $5000 additional special assessment required by

23 18 United States Code Section 3014.

24        When I refer to supervised release, supervised release

25 is a period of court-ordered supervision that begins once any

1  sentence of imprisonment has been fully served by the defendant.

2  The conditions of supervised release are set on the day when the

3  judge imposes a sentence.

4       And some of those conditions are standard conditions,

5  such as the defendant may not commit any new offenses, but some

6  may be specifically tailored to that particular person.  So, for

7  example, it may require mental health counseling and treatment.

8  They might require for a person who has a drug substance abuse

9  problem that they be tested and treated for any substance abuse.

10      So, there can be various conditions that the judge

11  sets as part of supervised release and those are imposed on the

12  day that the sentence is imposed.

13      When the supervised release begins, if the defendant

14  does not violate any conditions of supervised release during the

15  time of the supervision, when that deadline is over, then the

16  sentence is completely served and there is no further obligation

17  unless there is a legal obligation.  For example, in sex offense

18  cases, to register for the sex offender registry that may last

19  beyond the period of supervised release.

20      If the probation officer supervising the defendant

21  during supervised release believes the defendant has violated

22  the conditions of supervised release, then the probation officer

23  files a petition with the court asking the judge to schedule a

24  hearing.

25      The defendant has the right to have a lawyer at that

Transcript 1

1    hearing and the government would have to establish that there

2    was a violation of the supervised release.  If the hearing

3    establishes a violation, then the judge has a number of options.

4            If the violation is minor, a technical violation might

5    leave everything exactly the way it is; not modify the

6    supervised release or extend the period of supervised release.

7            If it's more serious, for example, if a person is

8    supposed to get mental health treatment and they don't show up,

9    or they do something else which is more serious, then the judge

10   might add additional conditions and could make the supervised

11   release last a longer period of time.

12           If it is a more serious offense still, then the judge

13   may revoke supervised release and resentence the defendant.

14   That sentence could include an additional period of

15   imprisonment, but it could not exceed the length of the

16   supervised release.

17           Now, I want to make sure before we go any further that

18   you know the charge you're pleading guilty to, that you

19   understand that.  You understand the essential elements that

20   would have to be proved by the government if this case went to

21   trial.  And that you know the maximum statutory punishment that

22   could be imposed.  Do you understand that, sir?

23           THE DEFENDANT:  Yes, sir.

24           THE COURT:  All right.  I want to talk about some

25   important constitutional rights that you give up, sir, by

1    pleading guilty.  First, you need to understand that the

2    defendant is never required to prove that he is not guilty.  The

3    government must prove that he is guilty.  And they must do that

4    by introducing evidence at a trial that will convince the fact

5    finder, usually a jury -- we'll talk about that in just a

6    moment -- that they've proved each essential element of the

7    charge beyond a reasonable doubt.

8         The defendant has no burden of proof.  The defendant

9    is not required to present a defense, is not required to

10   testify.  The defendant has a constitutional right under the

11   Fifth Amendment of the United States constitution not to be

12   compelled to provide a testimonial statement, either by word of

13   mouth or in writing that would help the government prove the

14   charges against him.

15        The defendant's right to counsel is such that if the

16   defendant has the resources to hire an attorney, then he may

17   hire an attorney of his own choosing.  If he does not have the

18   funds to hire an attorney, the court will appoint one.

19        And he has the right to have representation by an

20   attorney at all critical phases of a prosecution, and that

21   includes trial.  It's not simply limited to a guilty plea.

22        The defendant, as I mentioned, has a right to a jury

23   trial.  The right to a jury trial is considered so important

24   that the court does not have the authority to try a defendant

25   without a jury unless both the defendant and the government ask

1    that there be no jury.  And for felonies, that almost never

2    happens.  So I want to make sure you understand what is meant by

3    a jury trial.

4              The trial by jury means the decision as to whether the

5    government has proved the charges beyond a reasonable doubt is

6    not made by the judge, but rather is made by members of the

7    community.

8              Those members of the community are selected from the

9    people who have registered to vote in the counties that fall

10   with in Southern Division of the United States District Court

11   for the District of Maryland.

12             There are two divisions in our court.  One is in

13   Baltimore.  This one is in Greenbelt.  And the counties that are

14   in the Southern Division include Montgomery County, Prince

15   George's County, St. Mary's County, Charles County and Calvert

16   County.  And so jurors who participate in trials in this

17   courthouse are selected from the people registered to vote in

18   those counties.

19             When the jury is picked, on the day the jury is to be

20   picked, the court has sent a summons and has identified a list

21   of people, usually between 40 and 70, depending upon how long

22   the trial may take, who are required to come into court and be

23   considered for selection to serve on a jury.

24             Once they arrive, the panel of potential jurors

25   arrive, then the judge makes sure that they are -- they take an

1    oath in which they agreed to answer questions truthfully.  The

2    lawyer for the defendant and the lawyer for the government

3    submit a list of questions to the judge and the judge reviews

4    those question, may modify them or add to them, but asks every

5    member of the jury panel those same set of questions.

6         They are designed to make sure that any person that is

7    considered for the jury can be fair and impartial.  Fair to the

8    government and fair to the defendant.  And if the member of the

9    jury panel answers a question in a way that makes it doubtful

10   whether they can be fair and impartial, fair to the government

11   and fair to the defendant, then at that time they will be

12   removed for cause and they will not be considered for selection

13   on the jury.

14        When anyone who has been moved for cause is eliminated

15   from consideration, then the defendant and the government can

16   remove still another group of people through what are known as

17   peremptory challenges.  The defendant has ten peremptory

18   challenges, the government only has six.

19        The only limit on the exercise in peremptory

20   challenges is that it cannot be exercised to strike someone from

21   jury consideration based on their race, national origin, gender,

22   religious beliefs or things of that nature.  Otherwise then,

23   there are no limitations on peremptory challenges.

24        When the peremptory challenges have been exercised,

25   the remaining pool of the jury panelists who have not been

1  eliminated for cause or stricken peremptorily are considered and

2  the defendant and the government select 12 members to serve on

3  the jury, plus one alternate for every week of anticipated

4  trial.

5        They are then sworn a second time to be fair and

6  impartial, and the trial begins.  Because the only burden of

7  proof in a criminal trial rests with the government, the

8  government goes first.  And they must call witnesses to testify

9  against the defendant.  And any witness called must testify in

10  court in the presence of the defendant and testify under oath,

11  and subject to cross-examination by the lawyer for the

12  defendant.  Each and every witness must submit to

13  cross-examination and appear in the physical presence of the

14  defendant and testify under oath.

15        If the government offers other evidence beyond

16  testimony of witnesses, documents, exhibits, recordings,

17  photographs, any information other than the testimony of a

18  witness, then the defendant through his attorney can object to

19  evidence being considered by the jury and the trial judge has to

20  decide whether the jury can hear it.

21        Once the government finishes its case, the defendant

22  now has a choice.  Because the law presumes that the defendant

23  is innocent and because the defendant has no burden of proof in

24  a criminal case, the defendant is not required to testify, has

25  no obligation to testify, does not have to call witnesses, does

1    not have to present evidence.  And the defendant could simply

2    say, I am not going to present a defense.  I will argue to the

3    jury that the government has failed to prove its case.  That's

4    one option.

5            In addition, the defendant has other options.  The

6    defendant has a right to present a defense if the defendant

7    chooses to do so.  If the defendant chooses not to present a

8    defense, the judge has got to instruct the jury that they cannot

9    hold that against the defendant.  They can't draw any adverse

10    inference against the defendant merely because the defendant

11    exercised his constitutional right and did not testify or

12    present a defense.

13            If the defendant instead chooses to testify, he has

14    the right to do so, but not the obligation.  And he testifies

15    under oath subject to cross-examination like any other witness.

16            If the defendant does not want to testify personally,

17    but has other witnesses who can provide truthful testimony to

18    support a defense, then the defendant's lawyer asks the judge to

19    issue a summons to order those witnesses to come into court and

20    be available to testify on behalf of the defendant.

21            If the defendant chooses to present a defense, whether

22    testifying himself and producing witnesses; or simply testifying

23    himself or simply producing witnesses, then after those

24    witnesses testify, the government can cross-examine them just

25    the way the defendant can cross-examine the government

Transcript 1

1  witnesses.

2       If the defendant presents a defense and the government

3  has the opportunity to present a rebuttal defense, a rebuttal

4  case, All witnesses who testify in rebuttal must be in the

5  presence of the defendant, testify under oath and testify under

6  cross-examination.

7       When all the evidence is done, the judge instructs the

8  jury on the law that they must apply when they deliberate.  And

9  then the lawyers argue to the jury what they think that the case

10 has been proven or not proven, and the jury goes and deliberates

11 in secret.

12      A jury may not find the government has proved its case

13 against the defendant unless the jury unanimously agrees, all 12

14 agree the government proved each element of the essential

15 elements of proof beyond a reasonable doubt.

16      If the jury renders a verdict against the defendant,

17 the government -- the defendant has a right to appeal and the

18 defendant's right to appeal is unlimited.  They may raise -- the

19 defendant may raise any ground of law or fact that the defendant

20 believes is a ground for an appeal.

21      This collection of rights, the right not to

22 incriminate yourself, the right to counsel throughout all

23 critical proceedings, including at trial; the right of

24 confrontation of witness, to have them testify in your presence,

25 the presumption of innocence, all of those rights are waived or

1   given up by pleading guilty.

2          A person who pleads guilty gives up the right against

3   self-incrimination because they admit their guilt.  They give up

4   the right to have witnesses testify because the only Statement

5   of Facts to support the guilty plea is read into the record by

6   the prosecutor, and is the Statement of Facts you have

7   previously reviewed and signed.

8          So, when I explain to you the rights associated with a

9   jury trial, do you understand what those rights are, sir?

10          THE DEFENDANT:  Yes, sir.

11          THE COURT:  I'm sorry.

12          THE DEFENDANT:  Yes, sir.

13          THE COURT:  And do you understand that by pleading

14   guilty, you waive or give up all of those rights?

15          THE DEFENDANT:  Yes, Your Honor.

16          THE COURT:  Now, there can be additional consequences

17   of pleading guilty.  A person who pleads guilty to a felony may

18   not possess a firearm or destructive device.  They may not be

19   eligible to serve on a jury or to vote, or to run for public

20   office.

21          If they are not an American citizen, they may be

22   subject to removal from the United States.  They may also be

23   ineligible for various federal government benefits.  And if a

24   person pleads guilty to an offense and is under court

25   supervision by some other courts, state or federal, the guilty

Transcript 1

1    plea to the new offense in federal court could violate some

2    Court Order by another court and subject the defendant to

3    additional grounds in those cases.  Do you understand that there

4    can be collateral consequences of pleading guilty separate,

5    apart from any criminal sentence.  Do you understand?

6              THE DEFENDANT:  Yes, Your Honor.

7              THE COURT:  Now, I told you what the maximum statutory

8    punishment was in this case.  There's no mandatory minimum.

9    There's a two year maximum.  But before the judge can sentence

10   the defendant, the judge is required by law to calculate the

11   sentencing guidelines.

12             Congress created a Sentencing Commission.  The

13   Sentencing Commission catalogs also offenses under federal law.

14   And the judge is obligated to accurately calculate the

15   guidelines before the judge can impose a sentence in every

16   single federal case where the guidelines apply.

17             The guidelines classify every offense on the numerical

18   scale.  There are two aspects of that scale.  The first deals

19   with the offense level.  The offenses are ranked in order from

20   one to 43.  The higher the rank, the more serious the offense.

21             The second ground under which there is a ranking is

22   the criminal history of the defendant.  The sentencing theory is

23   that a person who has never been convicted before requires a

24   lesser sentence than a person who has been convicted many times

25   and continues to violate the law.

1    So what the judge is required to do before the judge

2   can impose a sentence is calculate the guidelines.  The judge

3   begins with a base offense level for each offense in the

4   guidelines.  It may be increased or decreased based upon

5   specific circumstances that are particular to that case.  In

6   this particular instance, there's a two-level increase above the

7   base offense level because the victim in this case was within

8   your supervisory control, care or custody.

9    And once the government -- once the court has

10  calculated the base offense level and increased it or decreased

11  it in accordance with any other provisions of the guidelines,

12  then the judge can depart from the recommended guidelines

13  sentence.  If the judge applies some other provision of the

14  guidelines themselves allow the judge to either increase or

15  decrease the sentence above or below what the recommendation

16  would be.

17    The judge can also vary when he sentences the

18  defendant and impose a sentence that's not within the guidelines

19  based upon consideration of factors other than the guidelines

20  themselves.  And those factors are found at 18 U.S. Code Section

21  3553.  And they tell the judge to consider the history and

22  characteristics of the defendant, nature of the offense, any

23  dangerousness to the community, what type of sentence would

24  promote respect for the law, what type of sentence would deter

25  the defendant and others from committing similar offenses.

1    What is a recommendation of the guidelines? How have

2    other defendants who have been sentenced for similar offenses

3    been sentenced by the court and what are the recommendations of

4    the guidelines.

5    So, those three steps; the statute, the guidelines and

6    the 18 U.S. Code 3553 sentencing factors are the steps the judge

7    must follow.

8    In a second I want to go over the guidelines

9    stipulation, which is an agreement reached between you and the

10    government as to the offense level that will apply when I

11    sentence you if I accept your plea. But before I do so I want

12    to make sure that you understand in general the process that the

13    judge must go through in determining a sentence. As I have

14    explained it to you, sir, do you understand that process?

15    THE DEFENDANT:  Yes, Your Honor.

16    THE COURT:  All right. Now, the guideline stipulation

17    beginning at page four of your agreement says that the base

18    offense level is a 12. It's increased two points because the

19    victim was in the custody, care or supervisory control of you.

20    There will be a two-level reduction agreed to by the

21    United States because you have accepted responsibility today by

22    pleading guilty. That mean that the adjusted offense level will

23    be a 12. There is no agreement as to your criminal history, so

24    I do not know whether it's a criminal history category one, two,

25    three, four, five or six. But for an offense level 12, the

1  range of possible sentences runs from ten months to 16 months

2  for an offense -- a criminal history category one up to a

3  maximum of 30 to 37 months for a criminal history category of

4  six.

5        Unlike the statute, which is mandatory and the judge

6  has no discretion to deviate from, the guidelines are a

7  recommended sentence and the judge, as I have indicated to you,

8  may depart between the guidelines and give a different sentence

9  than recommended by the guidelines, or give a variant sentence

10 outside the guidelines.  So, do you understand the guidelines

11 stipulation that will apply in your case, sir?

12        THE DEFENDANT:  Yes, Your Honor.

13        THE COURT:  All right.  As I mentioned to you, this is

14 a plea under Federal Rule of Criminal Procedure 11(c)1(C).  I

15 have been advised that it has been agreed between you and your

16 lawyer and the United States government that there will be a

17 joint recommendation of ten months imprisonment based upon the

18 facts of this particular case, and the factors set forth in

19 18 U.S. Code Section 3553(a).

20        Now, I told you that I have to announce today whether

21 I will provisionally accept the plea.  I will agree to do that

22 subject only to my ability to withdraw that approval if there's

23 something in the Presentence Report or the materials provided to

24 me prior though actual date of sentencing to convince me that

25 that would not be a fair and appropriate sentence.  But as of

Transcript 1

1    right now from limited information I have, I will provisionally

2    agree to be bound to impose that sentence.

3            The parties are obligated at the time of sentence to

4    recommend the agreed upon term of imprisonment.  That's an

5    obligation on the government and on you.  And in the event that

6    I impose that specific sentence that has been recommended, then

7    neither you nor the United States government may appeal.  If I

8    determine at time of sentencing that I will not approve that

9    specific sentence, I must tell you and the government, and give

10   each of you an opportunity to withdraw from the guilty plea and

11   proceed to trial.

12           The sentencing in this case is likely going to include

13   an Order of Restitution for the full amount of any losses

14   sustained by the victim.  If that number dollar amount is not

15   agreed upon, then it will have to be determined by the court

16   after a hearing.

17           And as part of the sentence in this case, you would be

18   obligated to register as a sex offender in the place where you

19   reside in accordance with the Federal Sex Offender Registration

20   and Notification Act.  Do you understand that?

21           THE DEFENDANT:  Yes, Your Honor.

22           THE COURT:  All right.  Now, under the terms of this

23   Plea Agreement, once you've entered into it, you may not

24   obstruct justice.  You may not commit any new federal, state or

25   local offense.  You may not withdraw your guilty plea.  You must

1    answer all questions of the probation officer honestly as well

2    as provide any information honestly to the court or to law

3    enforcement agents or probation officers and you will cooperate

4    in preparation of the Presentence Report, and you may not file a

5    motion to withdraw your guilty plea.

6            Should you do that, then the United States Government

7    would not be bound by the limitations of this court to include

8    the limitation on a recommended sentence under Rule 11(c)1C.

9            In addition, there is a provision in the Plea

10   Agreement that the Plea Agreement and its attachment constitute

11   the entire agreement.  What that means is, you have not been

12   promised anything by the government and the government has not

13   promised you anything that's not written down in this agreement.

14   Do you understand this plea agreement is the entire agreement

15   between the parties.

16            THE DEFENDANT:  Yes, Your Honor.

17            THE COURT:  All right.  Mr. Nathans, I'm going to ask

18   you to make sure the headset works for your client and then I'm

19   going to conduct the sealed portion of this proceeding.  And

20   I'll ask counsel to approach once you've made sure that the

21   headset works.

22       (Bench conference.)

23            It is the policy of this court that every guilty plea

24   and sentencing proceeding include a bench conference concerning

25   whether the defendant is or is not cooperating.

1          (Open court.)

2          (Bench conference.)

3               THE COURT:  All right.  Counsel, this is not --

4               MR. NATHANS:  Your Honor, before we get to the sealed

5     part, I think the Plea Agreement that you received didn't have

6     the full agreement in it.  So the --

7               THE COURT:  The what?

8               MR. NATHANS:  The full agreement.

9               THE COURT:  I saw that in the Statement of Facts.  Is

10    there something different?

11              MR. NATHANS:  Well, I think you've said something

12    about restitution and I wanted to make clear that the parties

13    agree there is no restitution.

14              MS. WEISMAN:  That's correct.  We added it to

15    paragraph ten.

16              THE COURT:  I'm sorry.

17              MS. WEISMAN:  We added it to paragraph ten.

18              THE COURT:  No additional charges arising out of this

19    incident; does not seek restitution.

20              All right.  I'll put that on the record once we're off

21    the sealed portion.

22              MS. WEISMAN:  Thank you, Your Honor.

23              And there are also, I think, the Statement of Facts is

24    the same.  So I'll come back to paragraph ten and revise that.

25              MR. NATHANS:  Your Honor, there is also provisions

1  about forfeiture, which is standard and there's no forfeiture in

2  this case.

3          THE COURT:  All right.  Other than that, there's

4  nothing else to put on the record under seal at this time.

5          MR. NATHANS:  No, sir.

6          MS. WEISMAN:  No.

7          THE COURT:  Thank you.  Go back on the record.

8      (Open court.)

9          THE COURT:  All right.  Sir, I want to make one

10  revision of the terms of the Plea Agreement.  In the final

11  version that you signed of the Plea Agreement, there's been a

12  modification of paragraph ten.  And what that adds to paragraph

13  ten is the following language:  "The government will bring no

14  additional charges arising out of this incident and is not

15  seeking restitution."

16          So, I said that in the original draft of the Plea

17  Agreement there was an agreement that you pay restitution.  That

18  has been removed by the modification to the Plea Agreement.  So

19  I want to make sure that you understand that there is not any

20  restitution that will be sought by the government in this case.

21  And it does agree that no additional charges arising out of the

22  facts that led to this charge will be brought if I accept the

23  plea and bind myself to the specific sentencing.

24          In addition, the --

25          So, this agreement at paragraph ten, which is written

1  in -- handwritten in and initialed by the parties modifies

2  paragraph 12, which does say that there will be a Restitution

3  Order and modifies that by removing any possibility of

4  restitution. In addition, I'm advised by counsel that there is

5  no forfeiture that will be sought at the time of sentencing.

6  Do you understand those modifications I've just explained to

7  you, sir?

8          THE DEFENDANT:  Yes, sir.

9          MR. NATHANS:  Thank you, Your Honor.

10         Your Honor, I apologize.  We wrote the language in

11  today and I want to be clear what I believe the language was

12  intended to mean.  It meant the course of conduct that was

13  alleged between my client and the alleged victim, that no

14  additional charges would be brought.  The three charges have

15  been indicted, but no additional charges and that he would be

16  pleading to Count Three.  Thank you.

17         THE COURT:  Right.  Well, it's my -- I anticipate that

18  if I accept the plea, that at the time of sentencing, if I

19  impose the sentence that's been agreed upon, the government will

20  dismiss all of the remaining counts of the indictment and, at

21  least, as initialed by yourself and the government will agree

22  not to bring any additional charges.

23         MR. NATHANS:  Thank you, Your Honor.

24         THE COURT:  Is that your understanding as well?

25         MS. WEISMAN:  Yes, Your Honor.

Transcript 1

1        THE COURT:  All right.  Very good.

2        MR. NATHANS:  Thank you.  I'm sorry.  I'm just not

3   sure we were clear enough with the language.

4        THE COURT:  Well, whether you're clear enough or not,

5   it's the language you all wrote into it.  So, I think the record

6   is clear now based upon what you just said.

7        All right.  I think right now what I'd like to have is

8   that the -- I'm going to ask the United States to read into the

9   record the Statement of Facts supporting this guilty plea.

10  Please do so slowly and carefully so that the court reporter can

11  take it down for the record.

12       Now, sir, you've been listening carefully.  Continue

13  to do so please.  I'm going to ask you some more questions after

14  the Statement of Facts has been onto the record and then I'll

15  ask what your plea is.

16       MS. WEISMAN:  Thank you, Your Honor.

17       At all relevant times, the victim was a research

18  entomologist for the Department of Agriculture assigned to the

19  Beltsville Agriculture Research Center, known as BARK located in

20  Beltsville, Maryland.  The defendant, Kamlesh Chauhan, was also

21  a research entomologist at the same facility.

22       Sometime after they both started working at BARK in

23  2001, the victim and the defendant began working together and

24  the defendant became the victim's supervisor.  On multiple

25  occasions, the defendant kissed the victim without the victim's

1    consent, sometimes asking the victim to come into his office and

2    sometimes committing the actions in a laboratory.

3           At other times, the defendant kissed the victim's

4    breast, placed his hand beneath her clothing and pushed the

5    victim against a wall where he kissed her on the face all

6    without the victim's consent.  The victim repeatedly told the

7    defendant that she did not want to have any such contact with

8    him.

9           On March 30th, 2008, the victim was in the defendant's

10   office.

11          THE COURT:  Do you mean '18?

12          MS. WEISMAN:  2018, I'm sorry.  The victim was in the

13   defendant's office.  The defendant told the victim to stand up

14   for a hug and tried to kiss the victim.  The defendant touched

15   the victim's right breast and tried to remove the victim's

16   shirt.  The victim pulled the shirt back down and left.

17          BARK is located on lands within the special maritime

18   and territorial jurisdiction of the United States.

19          THE COURT:  Thank you.

20          All right.  Mr. Chauhan, the document that has just

21   been read into the record is Attachment A to the Plea Agreement

22   and bears your signature.  Having heard those facts read into

23   the record here today, do you agree that those facts are true?

24          THE DEFENDANT:  Yes, sir.

25          THE COURT:  Do you agree that if this case went to

1   trial, that the United States could prove this facts beyond a

2   reasonable doubt.

3          THE DEFENDANT:  Yes, sir.

4          THE COURT:  All right.  Now, before I ask you what

5   your plea is to Count Three of the Indictment, the count that

6   you're pleading guilty to, I've explained a lot of information

7   to you this afternoon and I want to make sure that if there's

8   anything you're not certain of or you don't understand, that you

9   have an opportunity to let me know at this time so I can make

10  sure I have fully answered any questions you have.

11         Is there anything further you want me to explain that

12  you don't understand about what I've already explained to you?

13         THE DEFENDANT:  No, sir.

14         THE COURT:  All right.  Are you satisfied that your

15  decision to plead guilty today is your own voluntary act?

16         THE DEFENDANT:  Yes, Your Honor.

17         THE COURT:  And are you satisfied that you are doing

18  so and not as a result of any threats or coercion that have

19  overcome your free will?  That has not happened, has it?

20         THE DEFENDANT:  Yes, Your Honor.

21         THE COURT:  It has not happened?  No one has tried to

22  force you against your will to plead guilty?

23         THE DEFENDANT:  So far not.

24         THE COURT:  Let's try that again.  It's a double

25  negative.

1       Has anyone tried to force you against your will to

2  plead guilty?

3       THE DEFENDANT:  No.

4       THE COURT:  All right.  Having heard everything that

5  I've explained to you, please tell me at this time, what is your

6  plea to Count Three of the Indictment now pending against you,

7  which charges you with abusive sexual contact in violation of

8  18 United States Code Section 2244(b), how do you plead, sir?

9       THE DEFENDANT:  Yes, Your Honor.

10       THE COURT:  What is your plea?  Is it guilty or not

11  guilty?

12       THE DEFENDANT:  Plead guilty.

13       THE COURT:  All right.  I make the following findings

14  of fact.  The defendant, Mr. Chauhan, is here in court.  He's

15  represented by competent and experienced counsel.  I have

16  determined based upon my questions put to him and he has

17  answered under oath that he is competent to exercise his rights

18  today and is doing so voluntarily, knowingly and intelligently

19  without the product of any coercion or force.

20       He understands the offense he's pleading guilty to or

21  has pled guilty to, the elements of those offense, the maximum

22  statutory punishment which does not include a mandatory minimum.

23  He understands the Constitutional rights he gives up or waives

24  by pleading guilty.  He understands the factual advisory

25  stipulation that will govern the calculation of the offense

1  level at the time of the sentencing.

2          He knows that this is a special plea under Rule

3  11(c)1(C) where it will be recommended to me that I impose a

4  sentence of ten months imprisonment.  And that if I were to

5  revise my agreement to be bound by that specific plea, I would

6  have to notify him and the government of that at the time of

7  sentencing, and afford them an opportunity to withdraw from the

8  plea.

9          He understands the obligations of the parties as they

10  have been explained in the letter, which he has read carefully,

11  understood and signed with the same being true for the Statement

12  of Facts.

13          He understands that he has waived the right to appeal

14  if I bind myself to the recommended sentence and that his

15  sentence will include the obligation to register under the Sex

16  Offender Registration Act.

17          And he knows what conduct he may not commit between

18  now and the time of sentencing, and that everything he has

19  promised the government and the government has promised him has

20  been reduced to writing as part of this signed agreement, which

21  is the entire agreement.

22          I have listened carefully to the Statement of Facts.

23  It supports a finding of guilt beyond a reasonable doubt to each

24  of the essential elements of proof for the charge to which he

25  has pleaded guilty.  And I, therefore, find he has knowingly,

1  intelligently and voluntarily entered into this plea of guilty.

2  I accept his plea of guilty.  I adjudge him guilty of the

3  offense to which he has pleaded.

4          I will sign a sentencing order that sets the deadline

5  for the preparation for the Presentence Report and sets the

6  sentencing in this case.  That sentencing date is March 12th of

7  2019 at 1:00 p.m.

8          Between now and that date, the probation officer will

9  meet with you and your attorney, and interview you to get the

10  information to include in the Presentence Report.  The

11  Presentence Report will be provided to your attorney prior to

12  sentencing and he will review it carefully with you.  And the

13  government will have an opportunity to review the Presentence

14  Report as well.

15          If either your lawyer or you, or the government

16  believe that there is an error or there is something incomplete

17  in the Presentence Report, then you will make that known to the

18  probation officer who will reconsider the report.  If the

19  probation officer agrees that there is a revision needed, the

20  probation officer will revise the Presentence Report.  If the

21  probation officer does not agree to revise the report, the

22  probation officer will identify any dispute for me to resolve at

23  the time of sentencing.

24          When we return for sentencing, I will have reviewed

25  any victim statement provided to me before the sentencing, as

1   well as any written materials provided by the lawyer for the

2   United States or by your lawyer.

3          When I come back, I will announce whether I am

4   agreeing to be unconditionally bound by the "C" plea.  If I am,

5   I will sentence according to the specific sentence recommended

6   by the parties.  If I am not, I will give each side the

7   opportunity to withdraw from the plea.  At the time of

8   sentencing, I will calculate the guidelines range that includes

9   the -- not only the calculation for the offense level, but also

10  the criminal history category.

11         I will listen to any argument by the United States and

12  your lawyer.  You will have the right, but not the duty to make

13  a statement to me.  And any statement that you make, I will

14  consider before I impose a sentence.  And if you choose not to

15  make a statement, I will not draw any adverse inference.

16         When I have heard all the materials at the sentencing,

17  which will include the opportunity for the victim to be heard at

18  the sentencing as well, I will announce the guidelines factors

19  under 18 U.S. Code Section 3553 that I find important, and I

20  will sentence you, if I accept the "C" plea, to the specific

21  period of ten months imprisonment as recommended.  Because if I

22  make that determination, I will have concluded that it is

23  sufficient but not greater than necessary to fulfill the

24  sentencing obligations imposed on trial judges by Congress.

25         Is there anything further we need to address now from

```
 1   point of view of the government?

 2              MS. WEISMAN:  No, thank you, Your Honor.

 3              THE COURT:  Anything further from the defense?

 4              MR. NATHANS:  No, Your Honor.  Thank you.

 5              THE COURT:  All right.  We are now in recess.

 6        (Recess at 3:24 p.m.)

 7                              *    *    *

 8

 9

10              CERTIFICATE OF COURT REPORTER

11        I, Linda C. Marshall, certify that the foregoing is a

12   correct transcript of the record of proceedings in the

13   above-entitled matter.

14

15

16              /s/

17              _____
                Linda C. Marshall, RPR
18              Official Court Reporter

19

20

21

22

23

24

25
```

Transcript 1