

**U.S. Department of Justice**

*United States Attorney*
*District of Maryland*
*Southern Division*

---

*Hollis R. Weisman*
*Assistant United States Attorney*
*Hollis.Weisman@usdoj.gov*

*Mailing Address:*
*6500 Cherrywood Lane, Suite 200*
*Greenbelt, MD 20770-1249*

*Office Location:*
*6406 Ivy Lane, 8th Floor*
*Greenbelt, MD 20770-1249*

*DIRECT: 301-344-4029*
*MAIN: 301-344-4433*
*FAX: 301-344-4516*

March 31, 2020

The Hon. Paul W. Grimm
United States District Judge
6500 Cherrywood Lane
Greenbelt, Maryland  20770

Re:     *United States v. Kamlesh Chauhan,* PWG-18-cr-214

Dear Judge Grimm:

On March 25, 2020, the government filed a response to the defendant's *pro se* Petition to Vacate pursuant to 28 U.S.C. § 2255.  That same day, the Fourth Circuit Court of Appeals issued an opinion in *United States v. Gary*, 2020 WL 1443528, – F.3d – (4th Cir. 2020), which deals with a similar issue in appeal posture.

The government is submitting this letter to point out why *Gary* does not control the instant case.  *Gary* was a case on direct appeal, in which the defendant had pled guilty to being a felon in possession of a firearm, pursuant to 18 U.S.C. § 922(g).  After the date of the guilty plea, the Supreme Court ruled in *Rehaif v. United States*, ––– U.S. ––––, 139 S. Ct. 2191, 204 L.Ed.2d 594 (2019), that the offense carried an additional element that had not been addressed during Gary's Rule 11 proceeding:  that the defendant must know he belonged to a class of persons barred from possessing a firearm.  *United States v. Gary* at *1.

*Gary* does not control for two reasons:  first, because the case before this Court is a collateral attack, not a direct appeal, and a different standard of review applies; and second, because the instant case expressly dealt with the element of consent and the claimed error by counsel did not affect the defendant's rights or understanding of what he was admitting.

The standard for review in this case differs from *Gary*.  The Fourth Circuit noted in *United States v. Smith*, 723 F.3d 510, 512 (4th Cir. 2013), that the standard for harmless error review in a § 2255 case is whether the error had a "substantial and injurious effect or influence in determining the jury's verdict," rather than the standard on direct appeal, which requires that the error be harmless beyond a reasonable doubt.  *See also United States v. Frady,* 456 U.S. 152, 164 (1982)("Because it was intended for use on direct appeal, however, the 'plain error' standard is out of place when a prisoner launches a collateral attack against a criminal conviction after

society's legitimate interest in the finality of the judgment has been perfected by the expiration of the time allowed for direct review or by the affirmance of the conviction on appeal.") *Frady* explained that there is "significance" in the existence of a final judgment. *Id.*

The second distinction between the instant case and *Gary* is that there was no mention of the missing element in the *Gary* proceedings. In the case before this Court, however, the indictment made clear that lack of consent was an element, and the statement of facts supported the existence of that element.

Thank you for your consideration of this letter.

        Very truly yours,

        Robert K. Hur
        United States Attorney

          /s/
     By: _____
        Hollis Raphael Weisman
        Assistant United States Attorney

Cc: Kamlesh Chauhan, *pro se* (by mail)