UNITED STATES DISTRICT COURT

DISTRICT OF MARYLAND

-----------------------------------------------------------------X

KAMLESH CHAHAUN,

Petitioner,

vs.                                                                                          No. 18-CR-214-PWG

UNITED STATES OF AMERICA,

Respondent.

-----------------------------------------------------------------X

**PETITIONER'S REPLY TO THE GOVERNMENT'S RESPONSE OPPOSING HIS MOTIO TO VACATE HIS CONVICTION AND SENTENCE BROUGHT UNDER 28 U.S.C. 2255**

Petitioner, KAMLESH CHAUHAN appearing pro se, respectfully submits this reply to the Government's response in opposition of his motion to vacate, set aside, and correct his conviction and sentence [28 U.S.C. 2255], and would show the Court as follows:

I. AN EVIDENTIARY HEARING IS REQUIRED TO RESOLVE A MATERIAL FACTUAL DISPUTE WHICH WILL PROVE PETITIONER'S ACTUAL INNOCENCE.

Petitioner, under oath, has submitted that (as a matter of fact) he believed his conduct with the alleged victim was with the victim's consent due to an extensive romantic relationship with the alleged victim. The Government submits that Petitioner's claim of having a long-term romantic and sexual relationship with the alleged victim is "ludicrous." See, Govt's Response at 7. Proof of the existence of a long-term romantic-sexual relationship, which can be proven through testimony and documentary evidence including, but not limited to, photographs, would serve to demonstrate why Petitioner believed he had the alleged victim's consent and is 'actually innocent" of the offense of conviction.

A hearing is required given the material factual dispute created by the Government's opposition which emphatically states that the long-term romantic-sexual relationship did not exist. See, United States v. Witherspoon, 231 F.3d 923, 927 (4th Cir. 2000); Raines v. United

States, 423 F.2d 526, 530 (4th Cir. 1970); United States v. Jones, 600 F. App'x 74, 79-80 (4th Cir. 2014).

Notably, had this case proceeded to trial, the introduction of evidence of the long-term romantic-sexual relationship would have resulted in an acquittal. Thus, counsel's advice that Petitioner enter a guilty plea (given counsel's knowledge and awareness of the true nature of the relationship between Petitioner and the alleged victim) deprived Petitioner of the counsel guaranteed and contemplated by the Sixth Amendment. Counsel also provided ineffective assistance when he misinformed and failed to inform Petitioner of the true nature of the charged offense before advising him to plead guilty.

It should also be noted that the Government either knew, or should have known, of the long-term romantic-sexual relationship and withheld that information from both the Court and the U.S. Probation Office. The Government makes a host of other factual claims that are simply untrue, but they are also undeserving of a reply. Nevertheless, a hearing is warranted.

The Government also takes issue with Petitioner's silence when given an opportunity to make a statement that would have called into question the validity of his guilty plea. The Government simply overlooks Petitioner's claim of ineffective assistance of counsel in context of material misrepresentations made by counsel. Simply put, until recently the Petitioner believed that he was guilty of the charged offense. That mistaken belief was due to his misunderstanding of the true nature of the offense, and the conduct proscribed by the statute underlying the offense of conviction. Now, however, with an understanding that the statute at issue requires that he know or believe that he lacked the consent of the alleged victim (implied or otherwise) to behave in the alleged manner, he knows that he is in fact actually innocent. Further, Petitioner now knows that if he in fact believed (correctly or incorrectly) that he had the alleged victim's consent to behave in the manner alleged, he is not guilty.

Clearly, the Government takes issues with facts that are not part of the record because this matter did not proceed to trial. As evinced by the Government's strong opposition to facts that were not previously placed on the record, if this Petitioner establishes that he had a long-term romantic-sexual relationship with the alleged victim, he could (in fact) be actually innocent of the offense to which he pled guilty. Nothing in the record, including but not limited to the plea colloquy, definitively establishes whether or not there was an ongoing (consensual) romantic-sexual relationship between Petitioner and the alleged victim, and it is incumbent upon the Court to afford Petitioner a meaningful opportunity to establish the existence of that relationship, his actual innocence, counsel's ineffectiveness, and arguably governmental misconduct in withholding the information from the Court. Indeed, the Government is in currently possession of evidence establishing a pre-existing romantic-sexual relationship between Petitioner and the alleged victim. That evidence includes, but is not limited to, photographs.

II. CONCLUSION.

For the reasons stated, the Court should issue an order staying the sentence (i.e., supervised release), appoint counsel, and promptly order and evidentiary hearing. In the alternative, the Court should grant the motion to vacate the judgment of conviction and sentence.

Dated: April ___, 2020

Respectfully submitted,

_____
KAMLESH CHAUHAN, pro se

III. CERTIFICATE OF SERVICE.

This shall certify that a true and correct copy of this reply has been furnished upon the Office of the United States Attorney for the District of Maryland, by my having placed same in the United States Mail, postage prepaid, on this ___ day of April 2020.

_____
KAMLESH CHAUHAN