## EMERGENCY MOTION TO STAY EXECUTION OF CRIMINAL JUDGMENT

JULY 30, 2020

THE HONORABLE PAUL W. GRIMM
UNITED STATES DISTRICT JUDGE
UNITED STATES DISTRICT COURT
DISTRICT OF MARYLAND
6500 CHERRYWOOD LANE
GREENBELT, MD 20770

Re: **United States v. Kamlesh Chauhan**, Docket No. 8:18-CR-214 (PWG)

Dear Judge Grimm:

Defendant, appearing pro se, respectfully submits this emergency motion seeking an order staying further execution of the Judgement and Commitment Order entered March 14, 2019, in the above captioned case. For the reasons set forth hereinafter, this application should be promptly granted.

On March 14, 2019, a judgment was filed in the above referenced case imposing a 10 month term of imprisonment, a one year period of supervised release, and a special assessment fee of $5,1000. By motion dated November 25, 2019, Defendant moved to vacate the judgment of conviction and sentence on the grounds that he was denied effective assistance of counsel, his guilty plea was wholly involuntary, unknowing and unintelligent, and that he is actually innocent of the offense of conviction. The motion is supported by a statement of facts made under penalty of perjury, and documentary evidence including photos of himself and the alleged victim engaged in activity that completely debunks any allegation of wrongful conduct on Defendant's part. The motion has long since been ripe for adjudication.

It bears noting that this Court has inherent authority to stay the execution of a judgment of conviction when there is a habeas petition pending. See, e.g., United States v. Eliely, 276 F. App'x 270 (4th Cir. 2008) (discussing a federal district court's authority to release a defendant on bail pending the final disposition of a Section 2255 motion). Thus, the Court is not without authority to grant this request.

Despite moving to vacate the judgment of conviction, and to stay its execution before the expiration of his term imprisonment, the Court took no action and instead allowed the unconstitutional sentence to expire. Defendant is now on supervised release, and is also required to make payments towards a special assessment fee despite his indigency. Indeed, at the time the sentence was imposed Defendant was indigent, and the special assessment fee should not have been imposed according to statute. See, 18 U.S.C. 3014 (forbidding the imposition of the assessment upon a defendant who is indigent).

Unless this Court issue an immediate stay of both the supervised release and special assessment collection, Defendant will have suffered irreparable harm. Moreover, a decision not to stay further execution of the judgment will render the writ of habeas corpus meaningless.

WHEREFORE, for the reasons stated, the Court should issue an immediate stay on further execution of the judgment pending the final disposition of Defendant's Section 2255 motion, in the interest of justice and to prevent a complete miscarriage of justice.

Respectfully submitted,

*[signature]*

KAMLESH CHAUHAN
9302 DALY COURT
LAUREL, MARYLAND 20723
Email: chauhankr@gmail.com
Tel: (301) 741-6085

cc: U.S. Attorney's Office (D. Md)