IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | : | |
| v. | : | **Criminal Case PWG-18-0214** |
| **KAMLESH CHAUHAN** | : | |

...oooOooo...
**GOVERNMENT'S OPPOSITION TO DEFENDANT'S
EMERGENCY MOTION TO STAY EXECUTION OF CRIMINAL JUDGMENT**

The United States of America, by and through Robert K. Hur, United States Attorney for the District of Maryland, and Hollis Raphael Weisman, Assistant United States Attorney, submits the following response in opposition to the defendant's Emergency Motion to Stay Execution of Criminal Judgment, and says:

1. The defendant filed a collateral challenge to his conviction for abusive sexual contact pursuant to 28 U.S.C. § 2255. ECF 47. He is now seeking to withdraw his guilty plea.

2. This Court imposed a sentence of 10 months' imprisonment, followed by one year of supervised release. ECF 38. This Court also ordered the defendant to pay a special assessment of $5,100, with $100 due immediately and the remainder to be paid in monthly installments as set by the probation officer. The defendant has completed his sentence of imprisonment and is now on supervised release.

3. The defendant's Motion seeks a stay of both the supervised release and special assessment.

4. No statute or rule permits the relief the defendant is requesting. His claim that the Court has "inherent authority" to stay parts of his sentence is wrong. He cites *United States v. Eliely* 276 Fed. Appx. 270 (4th 2008) (*per curiam)*, in which the court affirmed the District Court's denial of a stay pending a collateral attack. The *Eliely* court, however, did not deal with the question of whether it had authority to grant the relief request. It held, instead, that the

defendant was not entitled to relief because the defendant failed to show "substantial constitutional claims on which he has a high probability of success, and exceptional circumstances making a grant of bail necessary for the habeas remedy to be effective." *Id.* at *1. It denied the defendant's claim.

5. The claims made by the defendant, as set forth by the government in its response. ECF 52, are likewise non-meritorious and not likely to be successful.

WHEREFORE, the government prays this Honorable that the defendant's Motion to Stay Execution of Criminal Judgment be denied.

> Respectfully submitted,
>
> Robert K. Hur
> United States Attorney for the
>  District of Maryland
>
> */s/ Hollis Raphael Weisman*
> _____
> Hollis Raphael Weisman
> Assistant United States Attorney
> Bar No. 11465
> United States Courthouse
> 6500 Cherrywood Lane, Room 400
> Greenbelt, Maryland  20770
> 301-344-4029, FAX 301-344-0213
> hollis.weisman@usdoj.gov