IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

UNITED STATES OF AMERICA,

    Plaintiff,

    vs.                              Docket No. 18-CR-214-PWG

KAMLESH CHAUHAN,

    Defendant.

USDC- GREENBELT
'22 JUN 22 AM 9:21

PETITION FOR A WRIT OF ERROR CORAM NOBIS &
AUTHORITY IN SUPPORT THEREOF, PURSUANT TO
TITLE 28, UNITED STATES CODE, SECTION 1651(a)

**NOW COMES** Defendant, **KAMLESH CHAUHAN**, appearing *pro se*, and submits this Petition for a Writ of Error Coram Nobis, seeking an order vacating the judgment of conviction in this case, pursuant to 28 U.S.C. 1651(a). For the reasons stated below, this motion should be granted in its entirety.

I.    **BACKGROUND & RELEVANT FACTS.**

On April 17, 2018, Defendant was indicted by a grand jury in the District of Maryland on three counts of engaging in sexual contact with another, in violation of 18 U.S.C. 2244(b). The indictment, however, did not describe any "contact." The indictment was completely devoid of any particular contact, and it could not be gleaned from the indictment what specific contact the grand jury considered in returning the indictment.

On the advice of counsel, Defendant entered a plea of guilty to Count Three of the indictment. The indictment alleged that the offense occurred on March 30, 2018 but did not allege what specifically occurred on that date. Although Defendant entered a plea of guilty, he did so merely at the directive of his attorney. The information provided by counsel prior to Defendant entering his guilty plea was wholly inaccurate and inconsistent with the law.

On March 12, 2019, Defendant was sentenced to 10 months imprisonment. No appeal was taken, but Defendant did move to vacate his guilty plea and conviction based on counsel's ineffectiveness. That motion was denied, and a Certificate of Appealability was also denied by this Court and recently the Fifth Circuit. Defendant has completely served his term of imprisonment, and completed his supervised release, but the judgment of conviction continues to present a number of obstacles to employment and has resulted in Defendant being classified a "sex offender," which is a stigma that not only prevents employment but also adversely effects Defendant socially. Further, despite his guilty plea, Defendant had a long term consensual, romantic, and sexual relationship with the alleged victim which both the Government and counsel was well aware prior to and at the time of the guilty plea. Defendant was effectively made to believe that such a relationship was irrelevant, and that the alleged victim's consensual participation in that relationship

-2-

did not impact the offense. But for such misrepresentations, Defendant would never have entered a plea of guilty.

## II. ARGUMENTS.

**THE DISTRICT COURT WAS WITHOUT SUBJECT MATTER JURISDICTION, THE INDICTMENT DID NOT ALLEGE ANY VIOLATION OF 18 U.S.C. 2244(b), AND THE DEFENDANT IS "ACTUALLY INNOCENT" OF ENGAGING ANY CONDUCT THAT VIOLATED 18 U.S.C. 2244(b), AND A WRIT OF ERROR CORAM NOBIS SHOULD BE ISSUED IN THE INTEREST OF JUSTICE, AND TO PREVENT A COMPLETE MISCARRIAGE OF JUSTICE.**

"A writ of error coram nobis is an 'extraordinary' remedy that may be used to correct 'errors of the most fundamental character' that rendered the underlying proceedings invalid when no other alternative remedy is available." _United States v. Akinsade,_ 686 F.3d 248, 260 (4th Cir. 2012) (quoting _United States v. Morgan,_ 346 U.S. 502, 512 (1954)). The writ is available to vacate a conviction when the petitioner has served his sentence and is no longer in custody, as is required for post-conviction relief under 28 U.S.C. 2255. _United States v. Peter,_ 310 F.3d 709, 712 (11th Cir. 2002). "[T]he law recognizes that there must be a vehicle to correct errors 'of the most fundamental character; that is, such as rendered the proceeding itself irregular and invalid.'" _Id.,_ (quoting _Morgan,_ 346 U.S. at 509 & n.15); _United States v. Mills,_ 221 F.3d 1201, 1204 (11th Cir. 2000). "In essence, the writ of error coram nobis acts as assurance that deserved relief will not be denied as a result of

the technical limitations of other post-conviction remedies." *Peter*, 310 F.3d at 712. Thus, to determine Defendant's entitlement to relief, the Court "must determine whether the error comprised by the district court's acceptance of his plea was of such a 'fundamental character' as to have 'rendered the proceedings itself irregular and invalid.'" *Id.*, (quoting *Morgan*, 346 U.S. at 509, n.15).

As a preliminary matter, it should be noted that a "district court ha[s] no jurisdiction to accept a plea to conduct that does not constitute [the charged offense], and the doctrine of procedural default therefore does not bar [a defendant's petition for a writ of error coram nobis based on such an error]." *Peter, 310 F.3d at 715*.

Defendant here entered a plea of guilty to violating 18 U.S.C. 2244(b) by having sexual contact without the alleged victim's consent. However, as documentary evidence provided to the Court (and which has long since been a part of the record) establishes, Defendant had a long term consensually romantic relationship with the alleged victim, that included engaging in sexual intercourse in the workplace. Indeed, the Court was previously provided with photographic evidence and other documentary evidence establishing the long-term relationship between the Defendant and the alleged victim. The nature and extent of the relationship is indisputable, and on March 30, 2018, to the extent that Defendant engaged in any sexual contact with the alleged victim, that contact was consensual

-4-

and Defendant believed it to be consensual based on frequent and routine conduct that Defendant and the alleged victim had engaged in within the workplace. Simply put, there was no sexual contact that Defendant engaged in that was without implied or expressed permission of the alleged victim, and therefore no conduct in violation of Section 2244(b).

Furthermore, the indictment was completely devoid of any facts supporting the alleged charge. Not only was this a violation of Rule 7(c)(1) of the Federal Rules of Criminal Procedure, but this was a violation of the Fifth Amendment Grand Jury Guarantee and impaired the Court's subject matter jurisdiction. Without descending to any particulars of the Defendant's alleged conduct, it could not be said that the grand jury found probable cause to believe that an offense violative of Section 2244(b) had been committed. This jurisdictional defect, as well as the other mentioned here, merits an order vacating the judgment of conviction by way of entering an Order granting this Petition for a Writ of Error Coram Nobis.

### III. CONCLUSION.

Defendant having demonstrated (1) that he is actually innocent, (2) that the district court lacked jurisdiction to accept his guilty plea, (3) that the conviction is the product of ineffective assistance of counsel; and (4) that sound reasons exist for his failure to raise this issue earlier (*ineffective counsel*), the writ should issue.

WHEREFORE, Defendant prays that this motion will be granted, in its entirety.

Dated: Laurel, Maryland
June 22, 2022

Respectfully submitted,

**KAMLESH CHAUHAN**
**9302 DALY COURT**
**LAUREL, MARYLAND 20723**

## IV.   VERIFICATION AND CERTIFICATE OF SERVICE.

KAMLESH CHAUHAN hereby verifies, pursuant to 28 U.S.C. 1746, under penalty of perjury, that the facts recited herein are true and correct to the best of his knowledge, belief, and recollection.

**KAMLESH CHAUHAN**