IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | |
| v. | : | Criminal No. PWG-18-214 |
| KAMLESH CHAUHAN | : | |

**GOVERNMENT'S RESPONSE IN OPPOSITION TO DEFENDANT'S
PETITION FOR A WRIT OF ERROR *CORAM NOBIS***

The United States of America, by and through Erek L. Barron, United States Attorney for the District of Maryland, and Elizabeth Wright, Assistant United States Attorney, hereby respectfully responds in opposition to the Petition for a Writ of Error *Coram Nobis* ("Petition") filed by Kamlesh Chauhan ("the Defendant"). As described below, the Defendant is not entitled to *coram nobis* relief in this case, and the United States respectfully asks this Honorable Court to deny the Defendant's Petition.

## *BACKGROUND*

In April 2018, a federal Grand Jury charged the Defendant with three counts of abusive sexual contact, in violation of 18 U.S.C. § 2244(b). ECF No. 1. Retained counsel entered an appearance in May 2018. ECF No. 14. On November 26, 2018, the Defendant entered a guilty plea pursuant to a written Rule 11(c)(1)(C) plea agreement to one charge of abusive sexual contact, Count Three of the Indictment. ECF Nos. 22, 23, 23-1. This Court sentenced the Defendant on March 14, 2019, to the agreed-upon recommended period of 10 months' imprisonment, to be followed by a one-year term of supervised release. ECF Nos. 36, 38.

On November 25, 2019, the Defendant filed a *pro se* petition for relief pursuant to 28 U.S.C. § 2255, in which he claimed his counsel had been ineffective. ECF No. 47. The

government opposed habeas relief, ECF No. 52, and this Court denied relief on June 7, 2021, ECF Nos. 58, 59.  The Defendant then appealed the order denying relief, and the Fourth Circuit Court of Appeals denied a certificate of appealability and dismissed the appeal on March 28, 2022.  ECF Nos. 63, 66.  The mandate issued on May 20, 2022.  ECF No. 67.

The Defendant then filed the instant Petition, again focusing on his claims of ineffective assistance of counsel and adding a challenge to the Indictment.  ECF No. 68.  However, the Defendant is not entitled to *coram nobis* relief because there was no error in the Indictment (and he failed to raise any such issue on direct appeal), and he already litigated the remaining issues pursuant to Section 2255, and relief was properly denied.  Even absent the procedural issues, no interest of justice would be served by granting relief in this case.  Accordingly, the Petition should be denied without the need for any hearing.

## ARGUMENT

### I. Legal Standard

Nearly 70 years ago, the Supreme Court declared that *coram nobis* is an extraordinary remedy and not one to be routinely allowed.  *United States v. Morgan*, 346 U.S. 502, 511 (1954).  "Continuation of litigation after final judgment and exhaustion or waiver of any statutory right of review should be allowed through this extraordinary remedy only under circumstances compelling such action to achieve justice."  *Id.* (allowing the consideration of *coram nobis* relief upon an issue of whether counsel was properly waived when the record below was unclear and the defendant pled guilty to several crimes at a young age without assistance of counsel, and where "no other remedy [was] then available and sound reasons exist[ed] for failure to seek appropriate earlier relief").  28 U.S.C. § 1651(a), accordingly, gives federal courts the power to issue writs of *coram nobis*.  *See, e.g.*, *Durrani v. United States*, 294 F. Supp. 2d 204,

212 (D. Conn. 2003), *aff'd*, 115 F. App'x 500 (2d Cir. 2004).

The Fourth Circuit has articulated four prerequisites necessary for *coram nobis* relief. The first is that "a more usual remedy (such as habeas corpus) must be unavailable . . . ." *Bereano v. United States*, 706 F.3d 568, 576 (4th Cir. 2013). The other requirements are that the defendant must have a valid basis for not attacking his conviction earlier, the consequences of the conviction flowing from the error must be substantially adverse so as to satisfy the Constitution's case or controversy requirement, and the error must be "'of the most fundamental character.'" *Id.* (citing *United States v. Akinsade,* 686 F.3d 248, 252 (4th Cir. 2012)). Relief of this type is reserved for "'extreme cases'" and errors that have "'rendered the proceeding itself irregular and invalid.'" *Id.* (quoting, *e.g.*, *United States v. Mayer*, 235 U.S. 55, 69 (1914)); *accord, e.g.*, *United States v. Rocky Mountain Corp.*, 746 F. Supp. 2d 790, 798 (W.D. Va. 2010) (rejecting a claim for *coram nobis* relief where the defendant's challenge was in essence simply a challenge to the district court's findings of fact).

Ultimately, "'the burden is on the petitioner to demonstrate that the asserted error is jurisdictional or constitutional and results in a complete miscarriage of justice.'" *Hall v. United States*, No. 3:05-CR-104-FDW-4, 2012 WL 5902432, at *3 (W.D.N.C. Nov. 26, 2012) (quoting *Klein v. United States*, 880 F.2d 250, 253 (10th Cir. 1989)). Further, when reviewing a petition for a writ of error *coram nobis*, "courts must 'presume the proceedings were correct' and '[t]he burden of showing otherwise rests on the petitioner.'" *Rodgers v. United States*, 851 F. App'x 261, 262 (2d Cir. 2021) (quoting *Fleming v. United States*, 146 F.3d 89, 90 (2d Cir. 1988)). Because the four requirements "are conjunctive, failure to meet any one of them is fatal." *Matus-Leva v. United States*, 287 F.3d 758, 760 (9th Cir. 2002).

In addition, as courts within this Circuit have maintained, a "[p]etitioner cannot first fail

in a Section 2255 proceeding, and then seek alternative relief under an alternative avenue such as a writ of *coram nobis*." *Id.* "The denial of the § 2255 motion does not open the door for use of the writ of error coram nobis under § 1651." *Antley v. United States*, No. C/A 3:08-533DCN, 2009 WL 2707426, at *4 (D.S.C. June 11, 2009) (citing *In re Davenport*, 147 F.3d 605, 608 (7th Cir. 1998), for the principle that: "[I]f Congress has forbidden federal prisoners to proceed under 2241 even when 2255 is closed to them . . . then it would be senseless to suppose that Congress permitted them to pass through the closed door simply by changing the number 2241 to 1651 on their motions"); *see also Crosby v. United States*, No. 4:95–cr–00619–CWH–1, 2013 WL 2566138, at *2 (D.S.C. June 11, 2013). Among other concerns, to hold to the contrary would allow criminal defendants to circumvent the prohibition on successive Section 2255 petitions. *Griffin v. United States*, No. 2:17-cv-495, 2018 U.S. Dist. LEXIS 228395, at *9-10 (E.D. Va. Oct. 25, 2018). Claims of ineffective assistance of counsel are of the type properly raised through a § 2255 motion, *see United States v. King*, 119 F.3d 290, 295 (4th Cir. 1997)—such that *coram nobis* relief is thereafter foreclosed. *Accord, e.g.*, *United States v. Dickson*, 676 F. App'x 609, 609 (8th Cir. 2017) ("[A] petitioner is not entitled to review of issues that were considered and resolved in a prior § 2255 motion.") (characterizing *Azzone v. United States*, 341 F.2d 417, 418-19 (8th Cir. 1965)). Just as "[c]oram nobis relief is not available to litigate issues already litigated," as one district court explained: "Nor is it available to address claims that could have been but were not raised on direct appeal." *United States v. Dhingra*, No. CR 01-40144 SBA, 2019 WL 2744852, at *3 (N.D. Cal. July 1, 2019) (citations omitted), *aff'd*, No. 19-16323, 2019 WL 9240447 (9th Cir. Dec. 13, 2019).

4

***II.    The Defendant Is Not Entitled to Coram Nobis Relief Based upon any Alleged Error in the Indictment or Lack of the District Court's Jurisdiction.***

In the Defendant's first suggestion of error, he notes that the Indictment did not detail specific instances of "contact" between him and the victim, ECF No. 68, at 1, 2, thus supporting some form of "jurisdictional defect," *id.* at 5. However, this claim is barred because the Defendant could have raised it on direct appeal, and did not. Further, even if the claim were not procedurally defaulted, the Indictment was sufficient, and the Defendant raises no showing of any lack of the district court's jurisdiction to have accepted his guilty plea.

The Fifth and Sixth Amendments establish the minimum requirements for an indictment through the guarantees of indictment by a grand jury and for defendants to be informed of the nature of the charges against them and be protected against double jeopardy. *United States v. Scheuneman*, 712 F.3d 372, 377 (7th Cir. 2013). "An indictment satisfies these minimum requirements 'if it (1) contains the elements of the offense charged; (2) sufficiently apprises the accused of what he must be prepared to meet; and (3) enables the accused to plead a judgment under the indictment as a bar to any subsequent prosecution for the same offense.'" *Id.* (citing *United States v. McComb*, 744 F.2d 555, 562 (7th Cir. 1984)); *see also Bersio v. United States*, 124 F.2d 310, 314 (4th Cir. 1941) (same).

Here, the Indictment amply satisfied these requirements. Pursuant to 18 U.S.C. § 2244(b), "Whoever, in the special maritime and territorial jurisdiction of the United States . . ., knowingly engages in sexual contact with another person without that other person's permission shall be fined under this title, imprisoned not more than two years, or both." On each relevant date, the indictment charged that the Defendant, within that relevant jurisdiction and on the specified date for each count, "knowingly engaged in sexual contact with Victim A without the

permission of Victim A." ECF No. 1, at 1. Federal Rule of Criminal Procedure 7(c)(1) requires that the indictment "must be a plain, concise, and definite written statement of the essential facts constituting the offense charged." Here, there was no requirement of any additional specificity, as the Indictment provided appropriate notice to the Defendant of what he had to defend against (and the Defendant raises no specific argument to the contrary). While a factual basis for the charge must be established before the acceptance of a guilty plea—as it was here—there was no requirement for the outlining of additional facts in the Indictment itself, and the Defendant cites none.

Further, the grand jury's discretion and independence are maintained by "the absolute secrecy surrounding its deliberations and vote and the unreviewability of its decisions." *United States v. Navarro-Vargas*, 408 F.3d 1184, 1200 (9th Cir. 2005). "At least since the seventeenth century, the grand jury has deliberated in secret, and neither the judge nor the prosecutor may question the grand jury's findings, conclusions, or motives." *Id.* Accordingly, it would be unnecessary and improper for the factual basis for the grand jury's decision to be included within the indictment. Moreover, the Defendant was well aware of the facts supporting the charges in this case and the relevant non-consent, as they were amply laid out in the statement of facts he entered and confirmed he understood.

Accordingly, the Defendant's complaint that the Indictment was improperly "devoid of any facts supporting the alleged charge," ECF No. 68, at 5, is without foundation. Tracking the statutory language is in line with the requirements for an indictment, and outlining facts is not required. Accordingly, the Defendant's suggestion that such details are necessary to show that the grand jury found probable cause that the crime was committed must be rejected.

Further, the Defendant states no issue as to this Court's jurisdiction. The fact that

district courts have jurisdiction over criminal offenses committed within their territory, as the Indictment alleged the Defendant's conduct was, sufficed to establish the Court's jurisdiction here.

### III. The Defendant Is Further Ineligible for Coram Nobis Relief Because His Remaining Claims Were Previously Adjudicated and Properly Rejected under 28 U.S.C. § 2255

As to the Defendant's remaining claims of error, he cannot pass even the first requirement for *coram nobis* relief because he already sought and was denied the usual remedy available, collateral relief pursuant to 28 U.S.C. § 2255. The remaining arguments he makes in the Petition track those he made in the § 2255 petition, *see* ECF No. 47, and this Court is therefore without authority to consider his request for *coram nobis* relief on that basis. Even if the Court reviews the claims on the merits, they fail to satisfy the high standard for this extraordinary remedy.

In essence, the Defendant argues that there has been some miscarriage of justice in this case because, he claims, he was led to believe by his retained counsel that a prior sexual relationship with the victim was not relevant to the charges he faced. But any such advice is irrelevant in light of the facts the Defendant admitted of having had unlawful sexual contact with the victim in violation of 18 U.S.C. § 2244(b). This Court found that "the facts of this case conclusively show that on multiple occasions, Mr. Chauhan engaged in sexual acts with the victim without the victim's permission." ECF No. 59, at 8. The existence of some consensual relationship does nothing to have negated these facts. Furthermore, actual innocence "means factual innocence, not mere legal insufficiency." *Bousley v. United States*, 523 U.S. 614, 623 (1998). To prevail under an actual innocence theory, a petitioner must show that "'in light of all the evidence,'" "it is more likely than not that no reasonable juror would have convicted him."

7

*Schlup v. Delo*, 513 U.S. 298, 328 (1995).   In the context of a guilty plea, the Defendant must prove that he is factually innocent of the underlying criminal conduct—the sexual contact without permission on the specific date alleged—but he does not approach any such showing. *See United States v. Adams*, 814 F.3d 178, 184 (4th Cir. 2016) (focusing on the charge of conviction).   Instead, his guilty plea soundly proved the charge.   The Defendant's argument that he was misadvised about the relevance of one fact does not render the others pled to factually untrue, which would be required to meet this standard.

Indeed, as already litigation under 28 U.S.C. § 2255, the Defendant has not made any showing that his counsel was ineffective at all.   The government incorporates by reference here its response to the Defendant's motion for habeas relief, *see* ECF No. 68; and indeed, in its denial of the § 2255 motion, the Court properly found—based upon the Defendant's sworn statements—that defense counsel was not ineffective and there was not any "miscarriage of justice."   *See Hill v. United States*, 386 U.S. 424, 428 (1962).   The Fourth Circuit confirmed the denial of a certificate of appealability and dismissed the appeal.   *See* ECF No. 66-2.   Under *Strickland v. Washington*, 466 U.S. 668, 694 (1984), the Defendant was required to show "a reasonable probability that but for counsel's unprofessional errors, the result of the proceeding would have been different."   "Reasonable probability" must be "sufficient to undermine confidence in the outcome."   *Id.*   In the context of a plea bargain, the Fourth Circuit has acknowledged that a defendant "has an incentive to claim, in retrospect, that the result of the plea process would have been different regardless of whether that claim is, in fact, true."   *United States v. Carrillo Murillo*, 927 F.3d 808, 815 (4th Cir. 2019).   For this reason, a defendant must "point to evidence that demonstrates a reasonable probability that, with an accurate understanding of the implications of pleading guilty, he would have rejected the deal."   *Id.* at

816. Absent such evidence, it is more likely that the defendant is acting out of bargainer's remorse than a consequence of bad advice. In the present case, the facts that the Defendant admitted in connection with his guilty plea show that he was well aware he was pleading guilty based upon non-consensual acts. And, given the Defendant's statement that the defense and government knew of the facts alleged concerning a supposed consensual relationship, *see* ECF No. 68, at 2, it is unreasonable to assume that this detail would have changed the deal or anything about the Defendant's decidedly favorable plea.

Indeed, the facts concerning the non-consensual sexual contact in this case carry a "'presumption of truthfulness.'" *United States v. Harper*, 627 F. App'x 262, 262 (4th Cir. 2016). The declarations made by a defendant in open court carry "a strong presumption of verity, because courts must be able to rely on the defendant's statements made under oath during a properly conducted Rule 11 plea colloquy," and this presumption presents "a formidable barrier in any subsequent collateral proceedings." *United States v. Lemaster*, 403 F. 3d 216, 221 (4th Cir. 2005). While this high bar can be overcome by the "extraordinary circumstance" of an incompetent counsel, this Court previously decided in the § 2255 proceeding that the ineffective assistance claims asserted again in the Defendant's Petition fail to show the prejudice required by *Strickland*. *See* ECF No. 59.

Indeed, contrary to the Defendant's claims that but for being advised that a prior consensual relationship was irrelevant to the offense of nonconsensual sexual contact, he would not have pled guilty, ECF No. 68, at 3, the record establishes that when the Defendant entered his guilty plea, he affirmed under oath the truth and accuracy of the facts attached to the plea agreement. This stipulation included the facts that "on multiple occasions, CHAUHAN kissed V-1 without V-1's consent . . . . At other times, CHAUHAN kissed V-1's breast, placed his

hands beneath V-1's clothing, and pushed V-1 against a wall where he kissed V-1 on the face, all without V-1's consent." ECF No. 23-1, at 9. In his Petition, the Defendant again claims that there existed a consensual relationship between himself and the victim. ECF No. 68, at 5. The Defendant also claims that there was "no sexual contact . . . engaged in that was without implied or expressed permission of the alleged victim." *Id*. This claim plainly contradicts the sworn statements given in connection with his guilty plea. And there is no basis to conclude that the Defendant did not fully understand what he agreed to. When the Defendant entered the guilty plea, he stated under oath that he had a Ph.D. in Chemistry, understood the content of the agreement, was satisfied with his counsel, and was entering the plea voluntarily. *See* ECF No. 52-1, at 3, 4. The Defendant provides no new evidence to substantiate this claim; he refers to evidence previously submitted of a "long-term relationship." ECF No. 68, at 4. Furthermore, such a claim is at odds with the repeated unwanted sexual contact experienced by the victim at their workplace which the Defendant previously admitted under oath. Accordingly, he presents no basis for relief on this ground, either. *Accord, e.g.*, *United States v. Vogel*, No. CRIM. 2:91-440, 2006 WL 1074899, at *4 (D.S.C. Apr. 20, 2006) ("In the absence of new credible evidence or a change of law, petitioner's request for writ of error coram nobis is procedurally barred."), *aff'd*, 204 F. App'x 213 (4th Cir. 2006).

Additionally, as noted above, to prevail on *coram nobis* relief, the Fourth Circuit has required that the consequences of the conviction flowing from the error be substantially adverse, and that the error must be "of the most fundamental character." *Bereano*, 706 F.3d at 576. The Defendant's incarceration ended on March 11, 2020, and his term of supervised release has expired. *See* ECF No. 59, at 1. While the Defendant argues the inconvenience of sex offender classification and other associated effects as a grounds for further review, ECF No. 68, at 2, such

classification is the proper and was a known result of the plea appropriately entered for the charge, and therefore does not constitute any substantially adverse or fundamental error. When he entered the plea, the Defendant stated that he understood its content, which included the fact that in a sex offense case there is a legal obligation to "register for the sex offender registry that may last beyond the period of supervised release." ECF No. 52-1, at 8. Courts have held that the potential stigma of sex offender registration alone is not sufficient to create a liberty interest; there must be some other deprivation of rights, as well. *Miskowski v. Martin*, 57 F. App'x 246, 248 (6th Cir. 2003). At the same time, although *coram nobis* relief could be appropriate to remedy "'the lingering collateral consequences of an unconstitutional or unlawful conviction based on errors of fact and egregious legal errors,'" *Dhingra*, 2019 WL 2744852, at *3 (citing *Estate of McKinney v. United States*, 71 F.3d 779, 781 (9th Cir. 1995)), there is no showing of any such issue here. *Accord, e.g.*, *United States v. Ballard*, 334 F. App'x 141, 142 (10th Cir. 2009) (reflecting the denial of a coram nobis challenge to sex-offender registration requirements); *Dhingra*, No. CR 01-40144 SBA, 2019 WL 2744852, at *2-7 (N.D. Cal. July 1, 2019), *aff'd*, No. 19-16323, 2019 WL 9240447 (9th Cir. Dec. 13, 2019) (same).

  Moreover, in this case, the sex offender registration is not attributable to any challenged advice by the Defendant's counsel, but instead is the result of the actions the Defendant himself took which the record clearly reflected were non-consensual against the victim on at least the relevant occasion—as he avowed under oath in connection with his guilty plea. The Defendant has given repeated sworn statements that he did engage in the charged sexual abuse without the victim's consent, and this Court has found assertions that he could prove a consensual relationship "unconvincing." *See* ECF No. 59, at 8. Thus, the Defendant cannot establish the relevant requirements for *coram nobis* relief in this case.

## CONCLUSION

For all of these reasons, the government respectfully requests that this Court deny the Defendant's Petition without a hearing.

Respectfully submitted,

Erek L. Barron
United States Attorney

___/s/_____
Elizabeth Wright
Assistant United States Attorney

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a copy of the foregoing was electronically filed on July 25, 2022, with notice to all counsel of record through the Court's electronic filing system. I further certify that I am causing to be mailed a hard copy, via First Class Mail, postage pre-paid, on the following business day, to:

Kamlesh Chauhan
9302 Daly Court
Laurel, Maryland 20723

___/s/_____
Elizabeth Wright
Assistant United States Attorney