IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

---

KAMLESH CHAHAUN,

Petitioner,

vs.    No. 18-CR-214-PWG

UNITED STATES OF AMERICA,

Respondent.

---

**PETITIONER'S REPLY TO THE GOVERNMENT'S RESPONSE OPPOSING HIS PETITION FOR A WRIT OF ERROR CORAM NOBIS & AUTHORITY IN SUPPORT THEREOF, PURSUANT TO TITLE 28, UNITED STATES CODE, SECTION 1651(a)**

Petitioner, KAMLESH CHAUHAN appearing pro se, respectfully submits this reply to the Government's response in opposition of his writ of error coram nobis & authority in support thereof, pursuant to title 28, united states code, section 1651(a), and would show the Court as follows:

1) The litigated issue pursuant to section 2255 was only limited to insufficient counseling (7-25-2022: Govt Response P-4, Line 17). The procedural error entering guilty plea without subject crime was brought first time through this writ. The insufficient counseling would not have flourished if this fundamental procedural error did not occur.

   The fact is undeniable that neither the main body of the plea agreement nor the stipulation of the fact describing pleaded count # three consist of element of crime (2244-B) the 'non-consent'. The district court lacked jurisdiction to accept this guilty plea without the element of crime.

2) Government cites loophole of secrecy to avert obvious error in the indictment (7-25-2022: Government response P6, line 9-11). On contrast, in the guilty plea the detail of pleaded count #3 was conveniently described in the

-1-

stipulation of the fact and defendant was made aware of this detail (this detail was picked as it is from the alleged victim's diary, the base and proof of all the counts and allegations). This statement also missed the essential element of the crime- the 'non consent'.

The decision of the grand jury to indict on this count#3 based on factual detail as described in the stipulation of the facts, raises credibility of their judgement. Thus, using loophole of secrecy government also raised critical issue of credibility of the discovery and what was presented to the grand jury that is different from stipulation of facts detail of the pleaded count #3 and other counts to secure indictment.

**Therefore, the district court lacked jurisdiction to accept this guilty plea without the element of crime, the defendant is "actually innocent" of engaging any conduct that violated 18 U.S.C 2244(b), and a writ of error coram nobis should be issued in the interest of justice, and to prevent a complete miscarriage of justice.**

> Although not relevant to this writ, this defendant prays Honorable Judge to pay attention to the sealed documents (Case # 21- 7138) #1 and 2 submitted to the circuit court (10/21). These sealed documents highlight evidence of consensual relationship and confirm my sincere efforts to go for the trial (email correspondence to defense counselor) and get justice prior to the plea agreement. Also, if the written discovery documents like OIG investigator's summary (probable time frame April 19- May 14, 2018) is reviewed, it clearly outlines in the second point that there was a consensual relationship between defendant and the alleged victim. The moral guilt was exploited using web of deceptive techniques and documented as hearsay to hearsay to enforce guilty plea.

**Government response included proposed order, which asks Honorable Judge to set a new precedence and create a new loophole to extend this court's jurisdiction to accept guilty plea without element of crime.**

*[signature]*
_____
**KAMLESH CHAUHAN**