IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| UNITED STATES of AMERICA, | * | |
| v. | * | |
| KAMLESH CHAUHAN | * | Criminal Action No. PX-18-214 |
| Defendant | * | |

\*\*\*

## ORDER

Pending before the Court is Kamlesh Chauhan's Petition for Writ of Error Coram Nobis. ECF No. 68. For the following reasons, the Petition is denied.

On April 18, 2018, Chauhan was indicted on three counts of unlawful sexual contact, in violation of 18 U.S.C. § 2244(b). ECF No. 1. Chauhan pleaded guilty to Count Three pursuant to a plea agreement in which he and the Government jointly recommended a ten-month incarceration term. ECF No. 23. At sentencing, the Court accepted the plea agreement pursuant to Rule 11(c)(1)(C) of the Federal Rules of Criminal Procedure and sentenced Chauhan to ten months' imprisonment and one year of supervised release, and imposed a $5,100 special assessment. ECF Nos. 38 & 39.

Thereafter, Chauhan unsuccessfully petitioned the Court to vacate his conviction pursuant to 28 U.S.C. § 2255 on ineffective assistance of counsel grounds. ECF No. 47. The Court denied the motion by written decision on June 7, 2021, and declined to issue a certificate of appealability. ECF Nos. 58 & 59. The United States Court of Appeals for the Fourth Circuit likewise declined to issue a certificate of appealability and dismissed Chauhan's appeal on March 28, 2022. ECF Nos. 66 & 67.

Chauhan now attempts essentially to relitigate the ineffectiveness claims in this

Petition. ECF No. 68 at 2, 5. He also contends summarily that he is "actually innocent," and that the Indictment was so "devoid of facts" that the district court lacked "jurisdiction" to convict him. *Id.* at 5.

A writ of error coram nobis is an "extraordinary remedy" to be used "under circumstances compelling such action to achieve justice." *United States v. Morgan,* 346 U.S. 502, 511 (1954). The "remedy of coram nobis may not issue when an alternative remedy, such as habeas corpus, is available." *United States v. Lesane*, 40 F.4th 191, 197 (4th Cir. 2023). Chauhan could, and did, raise similar arguments in his § 2255 Petition. *See* ECF No. 47 at 4–5. Thus, the remedy he seeks now was available to him by way of that habeas corpus petition. Because Chauhan had at his disposal the alternative avenue of § 2255 relief, he cannot pursue the same arguments in a coram nobis petition now. *Hicks v. United States*, No. ELH-14-2103, 2014 WL 11460463, at *1 (D. Md. July 11, 2014) (observing that defendant's "lack of success in obtaining collateral relief under § 2255, without more, does not alter the means by which he may pursue a collateral attack on his sentence"), *dismissed*, 594 F. App'x 214 (4th Cir. 2015). And even if Chauhan could pursue such relief, the Court would deny the petition on the merits as previously articulated. *See generally* ECF No. 58.

As to Chauhan's new contention that the Indictment was defective, *see* ECF No. 68 at 5, Chauhan cannot demonstrate why he waited until now to raise the argument that had been clearly available to him throughout the criminal matter. *Cf. Lesane*, 40 F. 4th at 201 (petitioner must show some valid reason for failing to raise arguments previously). However, even if he could make that showing, the contention nonetheless fails. The Indictment apprised Chauhan of the elements for the offenses, set forth the date that each wrongful act occurred, and provided him enough notice such that "an acquittal or conviction" would "bar a future prosecution for the same

offense." *United States v. Rendelman*, 641 F.3d 36, 44 (4th Cir. 2011); *see also* ECF No. 1. No more is required.

Last, Chauhan's self-serving claims of actual innocence based on the victim's "consent" cannot justify the extraordinary relief sought. Chauhan admitted—under oath—that he had engaged in the criminal conduct set forth in the statement of facts. ECF No. 52-1 at 27:20–24. His bald claims to the contrary now do nothing to undermine these sworn admissions.

In sum, Chauhan has given the Court no reason to grant the extraordinary remedy he seeks. The Petition for Writ of Error Coram Nobis (ECF No. 68) is denied. So Ordered.

Date: November 21, 2023

/S/
Paula Xinis
United States District Judge