IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

UNITED STATES OF AMERICA,

    Plaintiff,

vs.                                         Docket No. 18-CR-214-PX

KAMLESH CHAUHAN,

    Defendant.

PETITION FOR A WRIT OF ERROR CORAM NOBIS &
AUTHORITY IN SUPPORT THEREOF, PURSUANT TO
TITLE 28, UNITED STATES CODE, SECTION 1651(a)

**NOW COMES** Defendant, **KAMLESH CHAUHAN**, appearing *pro se*, and submits this Petition for a Writ of Error Coram Nobis, seeking an order vacating the judgment of conviction in this case, pursuant to 28 U.S.C. 1651(a). For the reasons stated below, this motion should be granted in its entirety.

I.     **BACKGROUND & RELEVANT FACTS.**

On April 17, 2018, Defendant was indicted by a grand jury in the District of Maryland on three counts of engaging in sexual contact with another, in violation of 18 U.S.C. 2244(b). On the advice of counsel, Defendant entered a plea of guilty to

1

Count Three of the indictment.

On March 12, 2019, Defendant was sentenced to 10 months imprisonment. No appeal was taken, but Defendant did move to vacate his guilty plea and conviction based on counsel's ineffectiveness. That motion was denied, and a Certificate of Appealability was also denied by this Court and the Fifth Circuit.

More recently Defendant did file **A WRIT OF ERROR CORAM NOBIS (ECF No. 68)** based on the error in the indictment and the fundamental error in the guilty plea agreement. The petition was also denied (**ECF No. 73**) citing defendant's swore testimony at the plea and sentencing hearing. The government had failed to respond to the allegations of error/misconduct. The failure, although "tantamount to a confession of error", was tossed off as a litigated issue.

Defendant has completely served his term of imprisonment, and completed his supervised release, but the judgment of conviction continues to present number of obstacles **(Sealed document # 3)** which is a stigma that not only prevents employment but also adversely effects Defendant socially. Further, despite his guilty plea, Defendant had a long term consensual, romantic, and sexual

relationship with the alleged victim which both the Government and counsel were aware prior to and at the time of the guilty plea. Defendant was effectively made to believe that such a relationship was irrelevant, and that the alleged victim's consensual participation in that relationship did not impact the offense.

The counsel used the alleged victim's diary to explain the underlying offense between an employee and a supervisor. The alleged victim could not express her objections due to fear of termination and could record her unwanted intimacy in the form of notes. While this logic was correct, the underlying assumptions are directly contradictory to defendant's own experience and judgement of the relationship (**sealed document # 2**, p4 8-32).

Contrary to the court's statement of the defendant's self-serving bald claims of actual innocence, the defendant has repeatedly expressed his sentiments and documents supporting innocence through ARS-USD, prior to the plea agreement (October 2018, **sealed document # 4**) without seeking defense counsel's permission.

The defendant also sent certified mails before sentencing (March 2019, **sealed document #5**) to the Honorable Judge Paul W. Grimm, US Attorney Robert

3

K. Hur, AUSA Hollies Raphael Weisman and Supervisory Probation Officer Nicole R. Blanche. This act was to draw attention to the underlying facts from all key judicial individuals involved in the litigation. The defense counselor was upset with this blunder of sending certified mails. Had timely revelation of the doctored diary occurred, the defendant need not have committed this blunder (**Sealed Document #5**).

## II. THE REVELATIONS OF THE FRAUDULENT DISCOVERY

On April 4, 2018, alleged victim Ms. Meiling Webb submitted a diary describing her experienced sexual harassment. In the signed affidavit, the investigators and Meiling testified that Meiling wrote each entry on the day they occurred. The entries were written contemporaneous to the incidents. The handwritten diary by Meiling Webb is the key component of the discovery admitted to the court.

The diary entry on July 24, 2016 (**sealed document # 1**), describing performance rating and sexual harassment as well as Dr. Aijun Zhang knocking on the office door is nothing but the absolute proof of the doctored diary. **July 24, 2016, was a Sunday and nobody described in this diary entry was present at**

4

**work (**10300 Baltimore Ave, Building 7, Room 303, Beltsville, MD 20705**).** At ARS-USDA, performance evaluations are normally conducted during the first week of October.

This is clear evidence of **quality-control check fails of the doctored diary leading to the Criminal Conspiracy (sealed document #2)**. All of the fraudulent charges were weaved through these doctored diary entries to criminalize consensual acts of the past. Fingerprints of this criminal conspiracy are visible in numerous court documents and the fraudulent discovery.

III. ARGUMENTS.

**THE GUILTY PLEA VIOLATING 18 U.S.C. 2244(b) HAD BEEN INDUCED BY FRAUD, AND THE DEFENDANT IS "ACTUALLY INNOCENT" OF ENGAGING ANY CONDUCT THAT VIOLATED 18 U.S.C. 2244(b), AND A WRIT OF ERROR CORAM NOBIS SHOULD BE ISSUED IN THE INTEREST OF JUSTICE, AND TO PREVENT A COMPLETE MISCARRIAGE OF JUSTICE.**

"A writ of error coram nobis is an 'extraordinary' remedy that may be used to correct 'errors of the most fundamental character' that rendered the underlying proceedings invalid when no other alternative remedy is available." *United States v.*

*Akinsade*, 686 F.3d 248, 260 (4th Cir. 2012) (quoting *United States v. Morgan*, 346 U.S. 502, 512 (1954)). The writ is available to vacate a conviction when the petitioner has served his sentence and is no longer in custody, as is required for post-conviction relief under 28 U.S.C. 2255. *United States v. Peter*, 310 F.3d 709, 712 (11th Cir. 2002). "[T]he law recognizes that there must be a vehicle to correct errors 'of the most fundamental character; that is, such as rendered the proceeding itself irregular and invalid.'" *Id.*, (quoting *Morgan*, 346 U.S. at 509 & n.15); *United States v. Mills*, 221 F.3d 1201,1204 (11th Cir. 2000). "In essence, the writ of error coram nobis acts as assurance that deserved relief will not be denied as a result of the technical limitations of other post-conviction remedies." *Peter*, 310 F.3d at 712.

Thus, to determine Defendant's entitlement to relief, the Court must decide that there is a reasonable probability that the judgment of conviction would not have been rendered or would have been prevented had the exculpatory evidence been disclosed. Korematsu v. United States: 323 U.S. 214 (1944)

There are numerous cases where the agent makes up a fake piece of evidence and confronts the suspect with it. *See, e.g., State v. Patton,* 826 A.2d 783 (N.J.

2003) (police confronted suspect with a fake audio recording of someone pretending to implicate him in a crime). Examples are fake lab reports, fake written statements, fake polygraph reports, or the creation of other physical evidence that is fraudulent. (Gillispie v. Miami Twp., Ohio, 18 F.4th 909, (6th Cir. 2021)). In such cases, the interrogations are generally suppressed, with some exceptions. However, even in this context, the main policy reason for a *per se* rule against creating and using fake evidence is that if police are encouraged to make up fake physical evidence, **then it creates an unreasonable risk such evidence may end up in the discovery and admitted in court**.

The recent noteworthy case in this District of Maryland Court is USA Vs Anirudh Lakhan Sukhu, 2008. The defendant (plead guilty) was sentenced to 21 years and 3 months for the armed bank robbery during which he shot a bank teller in the hand leaving her "permanently" injured. The 2019 exposure of fraudulent charges of firing a shot and permanently injuring teller (photographs of the teller's unscratched hands and documents showing not missing a single day of work after the incident) led to immediate release of the defendant under undisclosed settlement.

Defendant here entered a plea of guilty to violating 18 U.S.C. 2244(b) by having sexual contact without the alleged victim's consent. However, as documentary evidence provided to the Court (and which has long since been a part of the record) establishes, Defendant had a long term consensually romantic relationship with the alleged victim, that included engaging in sexual intercourse in the workplace. Indeed, the Court was previously provided with photographic evidence and other documentary evidence establishing the long-term relationship between the Defendant and the alleged victim. The nature and extent of the relationship is indisputable, and on March 30, 2018, to the extent that Defendant engaged in any sexual contact with the alleged victim, that contact was consensual and Defendant believed it to be consensual based on frequent and routine conduct that Defendant and the alleged victim had engaged in within the workplace. Simply put, there was no sexual contact that Defendant engaged in that was without implied or expressed permission of the alleged victim, and therefore no conduct in violation of Section 2244(b).

The defendant consistently pursued his investigation to overcome the entrapment he experienced and clear his name. From the careful examination of the documents prepared by the defense counselor (**Sealed**

**Document #1**) he was able to retrieve the analysis of Meiling's diary. As soon as the fraud was confirmed this petition was prepared. Another recently found piece of evidence, a handwritten note of day-to-day journal of defendant's 12-year-old son during summer vacation of 2013 highlights contradiction to written (doctrine) affidavits of the alleged victim. Had this been timely discovered and presented to the court, the government would have dropped the charges against this defendant and Ms. Webb and co-conspirators could have been prosecuted for perjury.

The exposed fraud in the original handwritten doctrine diary leading to the criminal conspiracy and other relevant evidence (**sealed document #1-2**) are accesseble to the court. The validation of this evidence without further delay merits an order vacating the judgment of conviction by way of entering an Order granting this Petition for a Writ of Error Coram Nobis.

## IV.   CONCLUSION.

Defendant having demonstrated (1) that he is actually innocent, (2) that the plea of guilt was induced by fraud (3) that the conviction is the product of criminal conspiracy in maliciously prosecuting him (4) that sound reasons exist for his failure to raise this issue earlier (fraudulent discovery/criminal conspiracy), the writ

should issue.

WHEREFORE, Defendant prays that this motion be granted, in its entirety.

Dated: December 27, 2023

Respectfully submitted,

_____
**KAMLESH CHAUHAN**

## V.       VERIFICATION AND CERTIFICATE OF SERVICE.

KAMLESH CHAUHAN hereby verifies, pursuant to 28 U.S.C. 1746, under penalty of perjury, that the facts recited herein are true and correct to the best of his knowledge, belief, and recollection.

_____
**KAMLESH CHAUHA\**